Pearson, J.
 

 1. The sci. fa. is based upon the judgment, and properly issued from the Superior Court, where final judgment was rendered. The judgment in the County Court was vacated by the appeal, and there was no record in that Court upon which to issue a sci. fa.
 

 2. In this proceeding the form of the original action is immaterial. That matter is concluded by the judgment, and nothing behind it is open for enquiry. So, it is sufficient for the sci. fa. to set out the fact of there being a judgment, and the fact, that the defendant became bound, as bail, at the time of the execution of the original writ, and liable, by virtue of an act of the General Assembly, &c. This puts it in the power of the defendant to deny the existence of the judgment by the plea of “ nul tiel record,” and to deny his liability, as bail, by the plea of “ non est factum.” There can be no necessity for incumbering the record by a more detailed statement of the manner in which the defendant became liable as special bail; for there is only one way in which it could be done by virtue of the statute ; that is, by the execution of a bond in double the sum for which the party was arrested; and we can see no objection to this general averment of the fact of the defendant’s liability, as special bail, by force of the statute. In
 
 Neal
 
 v.
 
 Hussey,
 
 3 Jones’ Rep. 70, and
 
 Malpass
 
 v.
 
 Fennell,
 
 Ibid. 79, it is held', that in a sci. fa. to charge a sheriff, as special bail, it is sufficient to aver that he arrested the defendant and failed to take bail, whereby, &c.
 

 3 and 4. The recital that Butler had been arrested, upon a writ, at
 
 the suit of Minnielc Miller,
 
 is inconsistent with the wording of the condition, “ does well and truly make his ap-
 
 *120
 
 jiearance, &c., tben and there to answer
 
 the said John Corner to the use of Minnioh Miller,
 
 of a plea, &c.” Rut this recital may be rejected as surplusage under the maxims “
 
 ut res magis valeat gua/tn perreatf
 
 and “
 
 utile per inutile non
 
 vitiatur,” and enough will remain to identify the writ, under which Rutler was arrested, as a writ in the name of John Turner to the use of Minnick Miller. See the cases of
 
 Miller
 
 v.
 
 Cherry
 
 (in Equity) and
 
 State
 
 v. Harvell, (ante 55,) decided at this term, where the distinction between averments in pleading and matter set out in deeds, bonds, &c., is discussed, and it is held that, in regard to the latter, a want of correspondence, where there are several descriptions, is not fatal, provided the identity of the subject can be fixed by such parts of the description as do correspond.
 

 5. The same principle applies to the assignment, and relieves it from objection, by striking out “Minnick Miller” as surplusage. So that it will read, “ hereby assign the above obligation and condition to the
 
 plaintiff therein naoned,
 
 his executors, &c., to sue for and recover, agreeably to the act of Assembly in such case,” &c. The assignment, in these general terms, is sufficient. There is an apparent mistake by attempting too much particularity, for Minnick Miller is not “ the plaintiff therein named,” and this part of the description does not correspond, and it is to be rejected by the beneficent rules of construction above referred to, as enough appears without it. This inconsistency was obviously produced by a confusion of ideas, caused by the fact, that as Minnick Miller was the party beneficially interested, it was difficult to divest the mind of the impression, that he was the plaintiff, instead of John Turner, in whose name the action was brought for his use.
 

 From this view of the case, it is seen that the assignment was sufficient without the amendment, which was allowed in the Court below, and it is unnecessary to consider the several points made in regard to it. There is no error.
 

 Pee Cueiam. Judgment affirmed.