E. S. PORTER AND SEABOARD SUPPLY COMPANY, ASSIGNEE, v. S. E. CASE, CHERO-COLA BOTTLING COMPANY, RALPH LONG, AND NICHOLAS MITCHELL.

(Filed 23 April, 1924.)

1. Liens—Contracts—Material Furnishers.

Where the owner has contracted for the erection of a building on his premises, in order for him to acquire a statutory lien thereon, it is required that the contractor file his lien before a justice of the peace or the clerk of the court, according to jurisdiction, within six months from the time moneys are due him, under the terms of his contract, by the owner (C. S., 2470), and bring his action to enforce the same within six months thereafter. C. S., 2474.

2. Same—Subcontractor—Notice—Actions—Statutes.

Where the owner of the building being erected has been given notice of the subcontractor's claim for labor and material furnished to the contractor before the owner settles with the contractor, he must account for and pay to the subcontractor the sum so due, or prorate the same among like claimants, as the case may be. C. S., 2438, 2440, 2442. And the subcontractor may enforce this lien by action commenced within the six-months period from the time of the giving of such notice. C. S., 2479 (4). If the action is not brought within six months to enforce the lien, a personal action can be maintained against the owner. *Campbell v. Hall*, *ante*, 464.

3. Same—Priorities.

Where the owner has been given the statutory notice of the subcontractor's claim upon the building, or the contractor filed his lien in accordance with the statute before the justice of the peace or clerk, as the case may be, the right to the money still due by the owner to the contractor

relates back to the time of the furnishing of the material and the work under his contract; and where he has established this right by his action, those who have acquired liens by mortgage, etc., subsequent to the time of the notice take *cum onore,* and subject to the contractor's or subcontractor's lien so acquired.

**4. Same—Evidence—Nonsuit—Appeal and Error.**

The right of the contractor's lien depends upon the existence of a contract, express or implied; and where, in the contractor's action to enforce his lien, there is sufficient evidence thereof, an issue for the determination of the jury is raised, and the granting of the motion as of involuntary nonsuit against him is reversible error.

APPEAL by plaintiff from *Lane, J.,* at November Term, 1923, of FORSYTH.

This is a civil action. The defendant Ralph Long, trading under the name of the Chero-Cola Bottling Company, owned a lot in fee in the city of Winston-Salem, N. C.

E. S. Porter and Seaboard Supply Company, assignee, allege in part:

"That on or about 7 January, 1920, the plaintiff, E. S. Porter, S. E. Case, Nicholas Mitchell, Ralph Long, and the Chero-Cola Bottling Company entered into a contract, by the terms of which the plaintiff E. S. Porter agreed to furnish the necessary materials at retail prices and to furnish the necessary labor for installing a plumbing system at the regular scale as adopted in Winston-Salem, N. C., in the building being erected upon the property of the Chero-Cola Bottling Company. That, pursuant to said contract and agreement, the plaintiff began to furnish the necessary material and perform the necessary labor as he contracted to do on or about 7 January, 1920, and completed same on or about 29 July, 1920, the cost of material and labor on same amounting to $3,360.37. That prior to the payment by the Chero-Cola Bottling Company for the construction of the building, this plaintiff filed an itemized statement of his claim with the Chero-Cola Bottling Company, and since that time has made frequent demands upon it and the defendants Case and Mitchell for the payment of his claim, but each of them have failed and neglected to pay the same; that on 3 January, 1921, and within six months after the completion of his contract, plaintiff filed in the office of the clerk of the Superior Court of Forsyth County, N. C., and had docketed in the mechanics', laborers', and material furnishers' lien record his claim for $3,360.37."

The defendants Ralph Long, trading as Chero-Cola Bottling Company, and Piedmont Chero-Cola Bottling Company, answering the complaint of plaintiffs, allege in part:

"It is denied that the plaintiffs or either of them has ever filed an itemized statement of his claim with or given any other notice of such claim to said Ralph Long, trading as Chero-Cola Bottling Company, or

to the Piedmont Chero-Cola Bottling Company; it is denied that the plaintiff, E. S. Porter, has demanded of either of these defendants the payment of this claim."

For a further defense the defendants aver:

"That on 28 November, 1919, the defendant Ralph Long entered into a contract with S. E. Case whereby S. E. Case agreed to construct a building on the property described in the complaint according to certain specifications therein set out, and that under the terms of said contract a complete plumbing system as specified therein was to be installed by the said S. E. Case; that about that time or shortly thereafter the plaintiff, E. S. Porter, formed a partnership with the said S. E. Case for the purpose of conducting a real estate and construction business; that S. E. Case and E. S. Porter were partners at the time set out in the complaint, in the real estate and construction business. . . .

"That this defendant made full settlement with the said S. E. Case; the plaintiff, E. S. Porter, at no time notified this defendant that he had any claim against him, or was asserting any claim to a lien as a subcontractor against the premises on which the building was erected; and that although the plaintiff, E. S. Porter, well knew that such payment was being made to the said S. E. Case he said nothing, did not notify the defendant Ralph Long that he had or would assert any claim whatever against him on this account, and that the said Ralph Long therefore believed that E. S. Porter had no such claim, and did not believe that the said E. S. Porter was doing the plumbing work as a subcontractor but as partner to S. E. Case, and relying on such belief he made full settlement with the said S. E. Case, and therefore this defendant alleges that the plaintiff, E. S. Porter, should be estopped from now setting up his claim. . . ."

And for a further defense the defendants allege:

"That the plaintiffs did not institute their action against these defendants or any of them within six months after giving of the notice of the claim of the plaintiff, E. S. Porter, as alleged in the complaint, and therefore these defendants plead the statute of limitations (chapter 49, Consolidated Statutes) in bar of plaintiff's recovery, and in bar of the plaintiff's right to a lien on said property. These defendants further plead that the Piedmont Chero-Cola Bottling Company, a corporation, purchased said property from the defendant Ralph Long without notice of any claim on the part of the plaintiffs, and paid a valuable consideration therefor."

Ralph Long answers and says in part:

"It is denied that the plaintiff, E. S. Porter, has ever filed an itemized statement of his claim with or given any other notice of such claim to the defendant Ralph Long, or the Chero-Cola Bottling Company, which

was the trade name under which the defendant Ralph Long was doing business prior to 28 September, 1920. It is denied that the plaintiff, E. S. Porter, has demanded of this defendant the payment of his claim." On 28 September, 1920, Ralph Long sold and conveyed the property to the defendant Piedmont Chero-Cola Bottling Company.

For a further defense the defendant avers:

"That on 28 November, 1919, the defendant Ralph Long entered into a contract with S. E. Case whereby S. E. Case agreed to construct a building on the property described in the complaint, according to certain specifications therein set out, and that under the terms of said contract a complete plumbing system as specified therein was to be installed by the said S. E. Case; that about that time or shortly thereafter the plaintiff, E. S. Porter, formed a partnership with the said S. E. Case, for the purpose of conducting a real estate and construction business; that E. S. Porter at all times during the construction of said building on the property described in the complaint held himself out as a partner of the said S. E. Case. . . . That he made full settlement with the said S. E. Case, and therefore this defendant alleges that the plaintiff, E. S. Porter, should be estopped from now setting up his claim."

And for a further defense the defendant alleges that:

"The plaintiffs did not institute their action against the defendant within six months from the time of the alleged notice from E. S. Porter to Ralph Long of the said Porter's claim, and the defendant therefore pleads the statute of limitations (C. S., ch. 49) in bar of the plaintiff's recovery and in bar of the plaintiff's claim to a specific lien against said property."

The work was completed 29 July, 1920, and the notice of lien was filed in clerk's office on 3 January, 1921. Suits were instituted as follows:

"Summons for relief entitled *E. S. Porter v. S. E. Case, Nicholas Mitchell, and Ralph Long* was issued on 28 February, 1921, served by sheriff of Forsyth County on 10 March, 1921.

"Summons for relief entitled *E. S. Porter and Seaboard Supply Company, Assignee, v. Ralph Long* was issued 19 October, 1922, served by sheriff of Forsyth County on 24 October, 1922.

"Summons for relief entitled *E. S. Porter and Seaboard Supply Company, Assignee, v. Chero-Cola Bottling Company and others* was issued 18 October, 1922, served by sheriff of Forsyth County on 24 October, 1922.

"Summons for relief entitled *E. S. Porter and Seaboard Supply Company, Assignee, v. S. E. Case, Nicholas Mitchell, Chero-Cola Bottling Company and Piedmont Chero-Cola Bottling Company* was issued 18 October, 1922, served by the sheriff of Forsyth County on 24 October, 1922."

Porter assigned his claim to the plaintiff, Seaboard Supply Company, from whom he purchased material to go into the plumbing contract, and by order of court allowed to be made a party plaintiff. Piedmont Chero-Cola Bottling Company, by order of court, was made a party defendant.

Complaints, amended complaints, answers, amended answers, etc., were filed without objection.

Plaintiff took a voluntary nonsuit as to defendant Mitchell. At the close of the plaintiffs' evidence the court below nonsuited the plaintiffs; they excepted, assigned error, and appealed to the Supreme Court.

Other material evidence and facts are set forth in the opinion.

*Jno. C. Wallace and Graves, Brock & Graves for plaintiffs.*
*Parrish & Deal for defendants.*

CLARKSON, J. The contention of plaintiff E. S. Porter is that Ralph Long, who was trading under the name of Chero-Cola Bottling Company, made a contract with S. E. Case to *erect a building* on the land, the deed to which was in Long's trade name, "Chero-Cola Bottling Company," and secured the plaintiff E. S. Porter to put in the building the *plumbing fixtures.* This was a separate and distinct contract. When the work was completed, Porter, at the request of Long, furnished him an itemized statement of the labor and materials furnished for the plumbing fixtures. This was furnished prior to the time Long made settlement with Case, who was *erecting the building,* and Case's contract was for erecting the building while Porter had the contract to put in the plumbing fixtures.

The defendants contend that Ralph Long, who was trading as the Chero-Cola Bottling Company, made a contract with S. E. Case, one of the defendants, to erect a building on his lot and install the *plumbing fixtures;* that Case had the entire contract and subcontracted with the plaintiff E. S. Porter to *put in the plumbing fixtures.* That Porter was a subcontractor. At the request of Long, Porter, as subcontractor, furnished him on 26 July, 1920, an itemized statement of the labor and materials used in doing the plumbing, and he did this as a subcontractor and under Case, and this was done prior to the time Long made settlement with Case, *the contractor,* for the building and plumbing fixtures. That Porter, *as subcontractor,* filed claim of lien on 3 January, 1921, in the clerk's office, which under the statute was a nullity. Suit was instituted on 28 February, 1921, more than six months after the giving of the notice of defendant Long. Under the law relating to subcontractors, to enforce the lien, suit must be commenced in six months—from 26 July, when he filed itemized statement with Long.

It is contended by defendant "that the plaintiff declared as principal contractor on a contract alleged to have been made with the defendants

Case, Mitchell, and Long, and that he does not allege that Case as principal contractor entered into a contract with Long to erect the building, and that Porter entered into a subcontract with Case to do the plumbing. That the plaintiff Porter and the defendant Case were partners in the construction of said building, including the plumbing, and had been paid in full, and plead the statute of limitations in that the plaintiffs did not institute their action within six months after the giving of the notice of the claim of the plaintiff E. S. Porter."

From the allegations of the complaint the plaintiffs sue on a contract made by E. S. Porter with S. E. Case and Ralph Long, trading as the Chero-Cola Bottling Company (voluntary nonsuit was taken as to Nicholas Mitchell), by the terms of which Porter was to furnish the labor and material and install the plumbing system in the building Ralph Long was having erected on his lot. The work was commenced on 7 January, 1920, and completed 29 July, 1920, and the cost of the labor and material was $3,360.37. There is no dispute about the work not being done in an efficient manner and the material not being all right.

The defendant denies this contract and alleges that the entire contract for building and plumbing fixtures was made by S. E. Case with Ralph Long (owner of the Chero-Cola Bottling Company). That plaintiff E. S. Porter was subcontractor and made the contract for plumbing, fixtures, etc., with S. E. Case, and that Case and Porter were partners, and Long paid Case in full, with knowledge and consent of Porter, and pleads estoppel. That the suit was not commenced within six months after notice was given by Porter to Long to enforce the lien in accordance with statute.

It is alleged by plaintiff E. S. Porter that the contract was made by him with Ralph Long (Chero-Cola Bottling Company) for the plumbing fixtures. The lien statute is as follows:

"C. S., 2433. Every building built, rebuilt, repaired or improved, together with the necessary lots on which such building is situated, and every lot, farm or vessel, or any kind of property, real or personal, not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same or material furnished."

Relation of debtor and creditor must exist, and the lien depends on and is incident to debt. *Mfg. Co. v. Andrews,* 165 N. C., 285.

"There must be a contract, express or implied, under which materials were furnished or work done in order for the lien to exist." *Nicholson v. Nichols,* 115 N. C., 200; *Bruce v. Mining Co.,* 147 N. C., 642.

The place and time to file liens are as follows:

"C. S., 2469. All claims against personal property, of two hundred dollars and under, may be filed in the office of the nearest justice of the

peace; if over two hundred dollars or against any real estate or interest therein, in the office of the Superior Court clerk in any county where the labor has been performed or the materials furnished; but all claims shall be filed in detail, specifying the materials furnished or labor performed, and the time thereof. If the parties interested make a special contract for such labor performed, or if such material and labor are specified in writing, in such cases it shall be decided agreeably to the terms of the contract, provided the terms of such contract do not affect the lien for such labor performed or materials furnished."

"C. S., 2470. Notice of lien shall be filed as hereinbefore provided, except in those cases where a shorter time is prescribed, at any time within six months after the completion of the labor or the final furnishing of the materials, or the gathering of the crops."

Action to enforce lien is as follows:

"C. S., 2474. Action to enforce the lien created must be commenced in the court of a justice of the peace, and in the Superior Court, according to the jurisdiction thereof, within six months from the date of filing the notice of the lien. But if the debt is not due within six months, but becomes due within twelve months, suit may be brought or other proceedings instituted to enforce the lien in thirty days after it is due."

It appears from the record that the contract for the work and labor done and material furnished for the plumbing, etc., was completed on 29 July, 1920. The record shows:

"Notice of lien, *E. S. Porter v. Chero-Cola Bottling Company, S. E. Case, and Nicholas Mitchell,* filed in the office of the clerk of the Superior Court, of Forsyth County, 3 January, 1921, at 2:45 o'clock p. m., and entered in the lien docket of said court on page ...., and duly indexed as required by law.                              W. F. BYRD,

                                        *C. S. C. Forsyth County."*

The lien filed in the clerk's office seems to be filed in accordance with the statute—the description of the land is definite. The claim in detail showing the time, the materials furnished, and labor performed. The land, after being described, is referred to by metes and bounds as "being the property conveyed by Glenn Wimbish to the Chero-Cola Bottling Company, recorded in Book of Deeds 175, p. 158, in the office of the register of deeds of Forsyth County, N. C., upon which property is situate a two-story, concrete and tile bottling plant, upon which said labor and material was furnished." The notice further states:

"The labor and material on account of which this lien is claimed and filed were furnished and performed to and for said Chero-Cola Bottling

Company by the said claimant in Forsyth County, N. C., under and pursuant to the terms of an agreement, the same being an entire and indivisible contract made and entered into by the said claimant and the said S. E. Case, Nicholas Mitchell, and Ralph Long, manager of Chero-Cola Bottling Company, in Winston-Salem, N. C., on or about 1 January, 1920."

Plaintiffs introduced the following from the amended answer of the defendants, Ralph Long and others:

"The defendants, Ralph Long, trading as Chero-Cola Bottling Company, and the Piedmont Chero-Cola Bottling Company, answering the complaint of the plaintiffs, allege:

"It is alleged that Chero-Cola Bottling Company is a trade name formerly used by one Ralph Long, who is a defendant in an action now pending in the Superior Court of Forsyth County entitled, 'E. S. Porter and Seaboard Supply Company v. Ralph Long,' and it is alleged that the causes of action set up in favor of said plaintiffs are the same."

Plaintiffs introduced the original summons, issued 28 February, 1921; served 10 March, 1921.

S. E. Case is insolvent. The plaintiff seeks to obtain judgment for the debt against Ralph Long and enforce the lien on the property now owned by the defendant Piedmont Chero-Cola Bottling Company, a corporation, Ralph Long having deeded the property to this corporation on 28 September, 1920.

If the relationship of debtor and creditor exists between Porter and Long, then the lien filed in the clerk's office on 3 January, 1921, by Porter against Long and others, for labor and material furnished and contract completed 29 July, 1920, is within the statutory period of six months, and the suit started to enforce the lien by Porter against Long on 28 February, 1921, was within the statutory period of six months. Now the question arises if this relationship of debtor and creditor exists, is this a lien on the property of defendant Piedmont Chero-Cola Bottling Company, sold to it by Ralph Long on 28 September, 1920?

In *McAdams v. Trust Co.*, 167 N. C., 496, it is said: "Construing our statute on liens of mechanics and laborers, this Court held in *Burr v. Maultsby*, 99 N. C., 263, that the lien relates back to the time the work was commenced or the materials were furnished, and does not impair or affect encumbrances existing prior to that time, but only those subsequently created."

It will be noted that the suit was commenced by E. S. Porter against Ralph Long, S. E. Case, and Nicholas Mitchell, and by issuance of summons on 28 February, 1921, complaint and amended complaint were duly filed against these defendants. The allegations in the complaint are that the relation of debtor and creditor existed. Judgment

prayed against all the defendants and the "lien be foreclosed" and the premises sold. The original complaint was filed 29 April, 1921. The notice and claim of lien filed did not name the property as being that of Ralph Long, who was sued, but the property of the "Chero-Cola Bottling Company," afterwards made a party. It describes the property and refers to it as the property deeded to Chero-Cola Bottling Company by Glenn Wimbish. It further refers to Ralph Long as being the manager of the Chero-Cola Bottling Company. From the record, undisputed, the Chero-Cola Bottling Company was Ralph Long. The deed to the property was made to the Chero-Cola Bottling Company; Long had to sign the deed to the Piedmont Chero-Cola Bottling Company.

We think, under the facts and circumstances of this case, that the notice and claim of lien filed 3 January, 1921, was sufficient.. The plaintiff began to perform the labor and furnish material, commencing under contract of 7 January, 1920, and completed same 29 July, 1920. The Piedmont Chero-Cola Bottling Company, if a contract is found to exist, express or implied, between E. S. Porter and Ralph Long, took the deed from Long *cum onore,* subject to the lien of $3,360.37 and interest.

If the contention of the defendants are correct, that Porter was a subcontractor, then plaintiff was not bound under the law to file a lien *before the clerk.* S. E. Case had the entire contract *to build the building and to install the plumbing fixtures* for Ralph Long. The defendants plead the statute of limitations set out in C. S., ch. 49.

As to subcontractors, the following provisions apply:

"C. S., 2437. All subcontractors and laborers who are employed to furnish and who do furnish labor or material for the building, repairing or altering any house or other improvement on real estate, have a lien on said house and real estate for the amount of such labor done or material furnished, which lien shall be preferred to the mechanics' lien now provided by law,·when notice thereof shall be given as hereinafter provided, which may be enforced as other liens in this chapter, except where it is otherwise provided; but the sum total of all the liens due subcontractors and material men shall not exceed the amount. due the original contractor at the time of notice given."

"C. S., 2438. Any subcontractor, laborer or material man, who claims a lien as provided in the preceding section, may give notice to the owner or lessee of the real estate who makes the contract for such building or improvement at any time before the settlement with the contractor, and if the said owner or lessee refuses or neglects to retain out of the amount due the said contractor under the contract as much as is due or claimed by the subcontractor, laborer or material man, the subcontractor, laborer

or material man may proceed to enforce his lien, and after notice is given, no payment to the contractor shall be a credit on or discharge of the lien herein provided."

"C. S., 2439. When any contractor, architect or other person makes a contract for building, altering or repairing any building or vessel, or for the construction or repair of a railroad with the owner thereof, it is his duty to furnish to the owner or his agent, before receiving any part of the contract price, as it may become due, an itemized statement of the amount owing to any laborer, mechanic or artisan employed by such contractor, architect or other person, or to any person for materials furnished, and upon delivery to the owner or his agent of the itemized statement aforesaid, it is the duty of the owner to retain from the money then due the contractor a sum not exceeding the price contracted for, which will be sufficient to pay such laborer, artisan or mechanic for labor done, or such person for material furnished, which said amount the owner shall pay directly to the laborer, mechanic, artisan or person furnishing materials. The owner may retain in his hands until the contract is completed such sum as may have been agreed on between him and the contractor, architect or other person employing laborers, as a guaranty for the faithful performance of the contract by such contractor. When such contract has been performed by the contractor such fund reserved as a guaranty shall be liable to the payment of the sum due the laborer, mechanic or artisan for labor done, or the person furnishing the materials as hereinbefore provided."

"C. S., 2440. Any laborer, mechanic, artisan or person furnishing materials may furnish to such owner or his agents before he shall have paid the contractor an itemized statement of the amount owing to such laborer, mechanic or artisan employed by said contractor, architect or other person for work or labor on such building, vessel or railroad, and any person may furnish to such owner or his agents an itemized statement of the amount due him for materials furnished for such purposes. Upon the delivery of such notice to such owner or his agent the person giving such notice is entitled to all the liens and benefits conferred by law in as full and ample a manner as though the statement was furnished by the contractor, architect or such other person. And after the notice herein provided is given, no payment to the contractor shall be a credit or a discharge of the lien herein provided."

"C. S., 2441. The sum due to the laborer, mechanic or artisan for labor done, or due the person furnishing materials, as shown in the itemized statement rendered to the owner, shall be a lien on the building, vessel or railroad built, altered or repaired, without any lien being filed before a justice of the peace or the Superior Court."

"C. S., 2442. If the amount due the contractor by the owner is insufficient to pay in full the laborer, mechanic or artisan, for his labor, and the person furnishing materials, for materials furnished, it is the duty of the owner to distribute the amount pro rata among the several claimants, as shown by the itemized statement furnished the owner, or of which notice has been given the owner by the claimant."

"C. S., 2443. If any contractor or architect shall fail to furnish to the owner an itemized statement of the sums due to every one of the laborers, mechanics or artisans employed by him, or the amount due for materials, before receiving any part of the contract price, he shall be guilty of a misdemeanor. If any contractor shall fail to apply the contract price paid him by the owner or his agent to the payment of bills for labor and material, he shall be guilty of a misdemeanor, and upon conviction thereof shall be fined or imprisoned, or both, at the discretion of the court."

Under the provisions relating to the rights of a subcontractor, under C. S., 2438, "he may give notice to the owner or lessee of the real estate who makes the contract for such building or improvement at any time before the settlement with the contractor. . . . Laborer or material man may proceed to enforce his lien after such notice is given," etc. No notice by the subcontractor need be filed before a justice of the peace or clerk as is required of contractor, but notice to owner creates the lien.

Under C. S., 2478, subsec. 4, this lien may be discharged: "By failure of the claimant to commence an action for the enforcement of the lien within six months from the notice of lien filed."

The *lien* is lost by an action not being commenced within six months after notice by the subcontractor to the owner, but the statutory *right* to *sue* the *owner* is not barred. The owner under the statute is bound to account to the subcontractor for what he may owe the original contractor if notice is given before payment to contractor. C. S., 2438-2440-2442, *supra.*

This matter was recently discussed in *Campbell v. Hall, ante,* 464, and authorities cited.

As this case goes back for a new trial, we have tried as clearly as we could from the record, to set forth a consecutive statement of the points involved and to set out the statutes in full, which may save the profession some labor.

The only questions we think material on the record, from the allegations of the complaints and answers (without amendment), are:

Was there any evidence to go to the jury of a contract, express or implied, under which work was done and materials furnished by E. S. Porter to Ralph Long (Chero-Cola Bottling Company) for the plumbing fixtures?

Did the relation of debtor and creditor exist between these parties?

It is claimed by Porter that the *contract for the building* was given by Long to *S. E. Case* and the *plumbing* to *him*. That he was a plumber. The sign on his office was "E. S. Porter, Plumbing and Heating." S. E. Case & Co., of which he was a member, had nothing to do with this plumbing contract. We think there was sufficient evidence to be submitted to a jury. We will not set out the evidence, as the probative force is for the jury.

For the reasons given we think there was error in granting the nonsuit. There must be a

New trial.