HORACE T. KING, TRADING AND DOING BUSINESS AS HANOVER IRON WORKS v. G. C. ELLIOTT AND WIFE, EVA O. ELLIOTT, AND CENTRAL BANK & TRUST COMPANY.

(Filed 17 April, 1929.)

1. **Laborers' and Materialmen's Liens A a—Where contract is entire detailed itemization unnecessary.**

    Where a materialman's lien under the provisions of C. S., 2433, is for a complete contract for a gross sum, it is not necessary that the statement be itemized as required in the case of divisible contracts for goods or labor.

2. **Same—Sufficiency of itemization.**

    Where the claimant has attached and made a part of his lien an itemized statement of his account for labor and material he has furnished the owner of the building upon which he claims his lien under the provisions of C. S., 2433, showing on several specific dates "money advanced for payroll," "furnace contract," etc., each in stated amounts, it is held a sufficient itemization of his claims as required by the statute.

3. **Same—Construction of contract as entire.**

    An affidavit to a lien filed under the provisions of C. S., 2433, that the "foregoing statement of account showing the goods sold, delivered, installed, and work done," etc., for a "furnace contract": *Held,* sufficient to show a complete contract for the furnace at the price itemized in the statement.

4. **Same—Finding by the court that contract was entire.**

    Where it has been agreed by the parties that the trial judge find the facts upon the trial of the question of the sufficiency of a lien filed for

KING *v.* ELLIOTT.

material and labor furnished for a building, C. S., 2433, his finding that the contract was "to do certain work and furnish certain materials for a stated amount" under the evidence in the case is interpreted to mean that the contract referred to was entire.

5. **Materialmen's and Laborers' Liens B a—Materialman's lien prior to mortgage registered after time material was begun to be furnished.**

The lien for labor and material furnished to the owner of a building under the provisions of C. S., 2433, and notice filed as required by C. S., 2469, 2470, where furnished under an entire or complete contract for the various items as a whole, relates back to the time of the first delivery and work done under the contract, and is superior to a mortgage lien subsequently given and properly recorded.

6. **Laborers' and Materialmen's Liens B b—Dates stated in lien presumed correct.**

Where a lien filed under the provisions of C. S., 2433, gives the date to each item of labor or material furnished in relation to the building upon which the lien is sought, it will be presumed, nothing else appearing, that the dates given in the statement are correct.

STACY, C. J., dissents.

APPEAL by defendant, Central Bank & Trust Company, from *Cranmer, J.,* at September Term, 1928, of NEW HANOVER. Modified and affirmed.

It is admitted that the defendants, G. C. Elliott and wife, Eva O. Elliott, executed to the Central Bank & Trust Company, trustee, a deed of trust, to secure the indebtedness of $6,500 due the Continental Mortgage Company, on the premises described in the complaint. Said deed of trust was in the usual form and was recorded in the office of the register of deeds of New Hanover County, on 1 August, 1927, in Book 186, page 148. It is also admitted that the mortgage executed by the defendants, G. C. Elliott and wife, to the defendant, John Bright Hill, has been duly canceled of record, and that the plaintiff has taken a voluntary nonsuit as to the defendant, John Bright Hill, and also as to the defendant, Indemnity Insurance Company of North America.

The plaintiff introduced in evidence the following alleged lien, filed in the office of the clerk of the Superior Court on 31 December, 1927, and indexed in Lien Book A, p. 108, namely:

"State of North Carolina—County of New Hanover,
   Wilmington, N. C.

To W. N. HARRISS, *Clerk of the Superior Court.*

Please take notice that Horace T. King, trading and doing business as Hanover Iron Works, claims a lien on the premises of G. C. Elliott hereafter described for labor done or material furnished for erecting

a building or buildings thereon the labor done, or the amount of the material, the value thereof, and the dates at which the different items in detail were furnished, or labor done, are contained in the bill of particulars hereunto annexed. The amount of the claim is $761.04, and interest as shown by statement attached, marked Exhibit A, and the building or buildings, and premises are situated in the county of New Hanover, North Carolina (describing same by metes and bounds).

HORACE T. KING,
Trading and doing business as Hanover Iron Works.

Sworn to and subscribed before me, this 31 December, 1927.

W. N. HARRISS, *Clerk Superior Court.*"

Dr. G. C. Elliott, Wilmington, N. C.
Bought of Hanover Iron Works.

| | |
|---|---:|
| 2 July, 1927, money advanced for payroll | $276.00 |
| 15 July, 1927, furnace contract | 388.00 |
| 1 August, 1927, gutter, conductor and sheet metal | 86.74 |
| 22 August, 1927, 4 bu. gravel, .50 | 2.00 |
| 200 lbs. asphalt, $3.75 | 7.50 |
| 8 lbs. galv. iron, .10 | .80 |
| | $761.04 |
| Interest | 20.86 |
| | $782.00 |

"State of North Carolina—County of Hanover.

Horace T. King, being duly sworn, deposes and says that he is the owner of Hanover Iron Works, that the foregoing statement of account is just, true and owing, and correct copy from claimant's books, showing the goods sold and delivered, installed, and work done by claimants to above debtor. There are no offsets or counterclaims thereto, but the full sum of $761.04 is due and owing with interest from 15 July, 1927.

HORACE T. KING.

Sworn to and subscribed before me, this 31 December, 1927.

W. N. HARRISS, *Clerk Superior Court.*"

The plaintiff testified as follows: "I am the plaintiff in this action, and had a contract with G. C. Elliott to do certain work. The work was completed on the dates set out in the statement attached to the lien. The item for gravel was ordered separate by Dr. Elliott and sent out to the house. We began talking about this job in May. He told me

he was going to build the house and we kept on discussing and figuring and finally some time in June we came to terms. I started to work about 1 June. *The contract was for a lump sum. He had nothing to do with the number of hours I spent or the material that I used."*

The court below rendered the following judgment, in part:

"A jury trial having been waived by the parties and the court having found that the plaintiff contracted with the defendant, G. C. Elliott, *to do certain work and furnish certain material for stated amount* in connection with the construction of the plaintiff's house on the premises described in the complaint and that plaintiff has secured a consent judgment against G. C. Elliott in the sum of $761.04 and interest and condemning premises for sale described in complaint to satisfy said lien, and that said work was completed on the dates set out in the plaintiff's bill of particulars, attached to a lien filed by the plaintiff in the office of the clerk of Superior Court of New Hanover County, which said lien the court finds is in every respect a valid lien on the premises herein described, and the following issues having been submitted:

1. Is the defendant, G. C. Elliott, indebted to the plaintiff, and if so, in what amount?

2. Has the plaintiff established a valid lien on the property of the defendant G. C. Elliott, described in the complaint?

3. If so, is such lien a prior lien to the deed of trust on said property held by the Central Bank & Trust Company and recorded in the office of the register of deeds of New Hanover County, Book 186, page 148.

And it having been admitted that the defendant, G. C. Elliott, is indebted to the plaintiff in the amount of $761.04, with interest thereon from 15 July, 1927, and it being further admitted that the defendant, G. C. Elliott and wife, executed to the defendant, Central Bank & Trust Company, a deed of trust to secure the indebtedness of $6,500, which said deed of trust is in the usual form and contains the usual covenants and warranties of title and against encumbrances and was recorded in the office of the register of deeds of New Hanover County, on 1 August, 1927, in Book 186, page 148.

The court being of the opinion that the plaintiff's lien is a valid lien and is superior to the deed of trust held by the defendant, Central Bank & Trust Company, answered the first issue: $761.04 with interest from 15 July, 1927; the second issue Yes, and the third issue Yes."

Judgment was accordingly entered in favor of plaintiff and the judgment further set forth that upon payment of the claim by Central Bank & Trust Company, it was subrogated to the rights of the plaintiff.

At the conclusion of the evidence, the defendant, Central Bank & Trust Company, moved for a directed verdict in its favor on the grounds

that the plaintiff had not secured a valid lien superior to the lien of the deed of trust, held by it, which motion the court overruled and the defendant, Central Bank & Trust Company, excepted, assigned error and appealed to the Supreme Court.

*John A. Stevens for plaintiff.*
*K. O. Burgwin for defendant, Central Bank & Trust Company.*

CLARKSON, J. The question involved: Is the lien filed by the plaintiff against the property of the defendant, G. C. Elliott, valid and enforceable, and superior to the deed of trust, executed by the defendants, G. C. Elliott and wife, to the defendant, Central Bank & Trust Company, conveying the property in controversy? We think so.

C. S., 2433, is as follows: "Every building built, rebuilt, repaired or improved, together with the necessary lots on which such building is situated, and every lot, farm or vessel, or any kind of property, real or personal, not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same, or material furnished."

C. S., 2469, is as follows: "All claims against personal property, of two hundred dollars and under, may be filed in the office of the nearest justice of the peace; if over two hundred dollars or against any real estate or interest therein, in the office of the Superior Court clerk in any county where the labor has been performed or the materials furnished; but all claims shall be filed in detail, specifying the materials furnished or labor performed, and the time thereof. If the parties interested make a special contract for such labor performed, or if such material and labor are specified in writing, in such cases it shall be decided agreeably to the terms of the contract, provided the terms of such contract do not affect the lien for such labor performed or materials furnished."

C. S., 2470: "Notice of lien shall be filed as hereinbefore provided, except in those cases where a shorter time is prescribed, at any time within six months after the completion of the labor or the final furnishing of the materials, or the gathering of the crops."

In *McAdams v. Trust Co.,* 167 N. C., at p. 496, it is said: "Construing our statute on liens of mechanics and laborers, this Court held in *Burr v. Maultsby,* 99 N. C., 263, that the lien relates back to the time the work was commenced or the materials were furnished, and does not impair or affect encumbrances existing prior to that time but only those subsequently created." *Porter v. Case,* 187 N. C., at p. 636. *Harris v. Cheshire,* 189 N. C., 219.

In *Jefferson v. Bryant,* 161 N. C., at p. 406-7, it is said: "This action is to enforce a lien under section 2026 of the Revisal (C. S., 2469), which requires that 'all claims shall be filed in detail, specifying the materials furnished or labor performed, and the time thereof,' and it has been uniformly held, in construing this statute, that there must be a substantial compliance with its terms, and that the statement of time is material. *Wray v. Harris,* 77 N. C., 77; *Cook v. Cobb,* 101 N. C., 68. The headnote to the *Cook case,* which is fully sustained by the opinion, is that 'it is essential to the validity of a laborer's lien that the claim or notice which he is required to file shall set forth in detail the time when the labor was performed, its character, the amount due therefor, and upon what property it was employed; and if it is for materials furnished, the same particularity is required. Defects in these respects will not be cured by alleging the necessary facts in the pleadings in an action brought to enforce the lien.' This rule has been very generally modified when the contract is to complete a building for one sum, and in such case it is not required that the labor performed and the materials furnished shall be itemized, but that the time of the completion of the work shall be stated. The cases are collected in the notes in 27 Cyc., 188."

In the present action it is contended by plaintiff that his claim is founded on a *special contract* under the statute, and it is not necessary that the claim "be filed in detail, specifying the materials furnished or labor performed and the time thereof." That the present lien filed comes within the provisions of the statute and the decision on this aspect in the *Jefferson case, supra,* viz.: "This rule has been very generally modified when the contract is to complete a building for one sum, and in such case it is not required that the labor performed and the materials furnished shall be itemized, but that the time of the completion of the work shall be stated."

"Regardless of the conflict of authority as to the necessity of itemization generally, it is well established that, where the work was done, or the materials furnished under an *entire contract* to do *or furnish the same for gross sum,* it is not necessary that claimant should in his lien statement itemize his account." (*Italics ours*), 40 C. J., p. 242.

"A distinction runs through the authorities in regard to the particularity required in specifying the amount and character of the work done or materials furnished, and the prices charged therefor, where the claim rests upon open account and where the work done or materials furnished were contracted for as an entirety. More particularity of statement is required in the former than in the latter instance." *Francis & Co., Inc., v. Hotel Rueger, Inc.,* 125 Va., 106, 121, 99 S. E., 690.

KING *v.* ELLIOTT.

Speaking to the subject, in 18 R. C. L., at p. 927, it is said: "As to the manner of setting forth or stating the facts to be embodied in the lien notice, however, it need not have the definiteness of a pleading. . . . (p. 935) The statutory requirements, whatever they may be, must be substantially ·complied with in order to perfect the lien. The affidavit required to verify it may be considered with the claim itself in ascertaining the sufficiency of the latter."

We must construe the whole lien, claim or notice, and affidavit, on this particular attitude together. The notice sets forth: (1) "Dates at which the different items in detail were furnished, or labor done, are contained in the bill of .particulars hereunto annexed. The amount of the claim is $761.04." (2) Bill of particulars as follows:

"2 July, 1927, money advanced for payroll .. ...............$276.00 ·
15 July, 1927, furnace contract .................................. ... 388.00
1 August, 1927, gutter, conductor and sheet metal ....  86.74
22 August, 1927, 4 bu. gravel, .50 . ...................  ..........   2.00
                    200 lbs. asphalt, $3.75 ......................   7.50
                    8 lbs. galv. iron ...............................    .80
                                                        ————
                                                $761.04"

(3) The affidavit "that the foregoing statement of account is just, true, and owing, and correct copy from claimant's books, showing the goods sold and delivered, installed, and work done by claimants to above debtor." Unobjected to, plaintiff testified: "The contract was for a lump sum. He had nothing to do with the number of hours I spent or the material that I used."

Webster's Dictionary defines "install": "To set up or fix in position for use or service." To set up or fix in position for use or service the furnace, and the incidentals connected therewith, would take labor and material, and the furnace itself would be a considerable item in the cost. It will be presumed that the day the last item in the bill of particulars was the day the furnace was finally in the position for use .and service. The implication from the subjects set forth in the bill of particulars is that the labor and material was used in connection with installing· the furnace in plaintiff's dwelling-house.

A jury trial having been waived, the trial judge found that the plaintiff contracted with the defendant "to do certain work and furnish certain material for a stated amount," etc. This means, of course, that the contract was entire. There was sufficient evidence to support this finding.

We think the position taken by defendant too technical, under the facts and circumstances of this case, and the statute has been sub-

stantially complied with. It is admitted by plaintiff that the four bushels of gravel at 50 cents a bushel $2.00, had nothing to do with the lump sum contract and must be deducted from the $761.04.

It was said in *Cameron v. Lumber Co.,* 118 N. C., at p. 268: "No one need misunderstand it who should become interested in the property." The judgment below is

Modified and affirmed.

STACY, C. J., dissents.