### J. M. GAINEY v. J. C. GAINEY ET AL.

(Filed 21 September, 1932.)

**Appeal and Error J d—Burden of showing error is on appellant.**

Where the plaintiff's claim for a crop lien for labor done in its production is denied in the Superior Court on the ground that the claim of lien was not sufficiently specific in regard to the wages to be paid and the time and amount of work, etc., C. S., 2469, and on appeal to the Supreme Court it is not made to appear that there was error in the ruling, the judgment will be affirmed, the burden of showing error being on the appellant.

APPEAL by plaintiff from *Cowper, Special Judge,* at April Term, 1932, of HARNETT.

Civil action for debt and to enforce laborer's lien on crops.

The plaintiff alleges that he worked for his brother, J. C. Gainey, during the year 1931 as a farm laborer; that they cultivated 37 acres

of cotton, 5 acres of corn and one acre in other crops on the lands of Jesse B. Lee and Mrs. Martha Lee in Harnett County; that his brother is indebted to him in the sum of $195.00 for work done and labor performed on said crops from 1 January, 1931, to 15 August, 1931; that the plaintiff filed lien with G. F. Owen, a justice of the peace, on 17 October, 1931; that the crops in question have been taken by the landlord, Jesse B. Lee. Wherefore, plaintiff asks judgment for his debt, and for a lien upon said crops.

Judgment by confession against J. C. Gainey for the amount of plaintiff's claim; action dismissed as to Jesse B. Lee and claim for lien denied.

Plaintiff appeals, assigning error.

*James Best for plaintiff.*
*Clifford & Williams for defendant, Jesse B. Lee.*

STACY, C. J. The plaintiff recovered in the justice's court, but, on appeal to the Superior Court, his claim for lien was denied and the action dismissed as to the landlord, Jesse B. Lee. His Honor was of opinion that, under the decision in *Cook v. Cobb,* 101 N. C., 68, 7 S. E., 700, the plaintiff's claim, or notice of lien, was not made out in sufficient detail, "specifying the  .  .  .  labor performed, and the time thereof," the wages he was to receive, how and when payable, etc. And further, it was not made to appear that said purported notice of claim was filed "in the office of the nearest justice of peace" as required by C. S., 2469.

We cannot say there was error in the ruling. *Hdw. House v. Percival, ante,* 6; *Construction Co. v. Journal,* 198 N. C., 273, 151 S. E., 631. At least it has not been made to appear, and the burden is on appellant to show error. *King v. Elliott,* 197 N. C., 93, 147 S. E., 701, is not in conflict with *Cook v. Cobb, supra,* nor with our present holding.

Affirmed.