H. B. SAUNDERS v. M. G. WOODHOUSE AND O. L. WOODHOUSE, INTERVENOR.

(Filed 29 February, 1956.)

**1. Laborers' and Materialmen's Liens § 8—**

A laborer's or materialman's lien in proper form, which is properly filed and indexed as required by statute, relates back to materials furnished and labor done within six months prior to the filing date, and when perfected by institution of action thereon within six months from the date of filing, has priority over a deed of trust executed prior to the filing of the lien but within the six months period.

**2. Laborers' and Materialmen's Liens § 5—**

The filing of a lien for labor or materials imports more than mere delivery of the written claim to the clerk's office, and requires the transcribing of the notice of lien in the lien docket in the clerk's office and the indexing of same in the name of the claimant, G.S. 44-38, G.S. 2-42, but, as distinguished from liens required by statute to be registered in the office of the register of deeds, G.S. 161-22, does not require cross-indexing.

**3. Same—Laborers' and materialmen's liens and liens for old age assistance are required to be filed in the lien docket book in the clerk's office.**

The attachment of original notice and claim of lien, in due and proper form, to a page in the "lien docket" book in the clerk's office with the indexing of the same in the name of claimant, showing the name of the lienee, is a filing of the lien as required by statute, notwithstanding that the book was used for filing liens for old age assistance, G.S. 108-30.1, and notwithstanding that the clerk filled in blanks left exposed on the page relating to old age assistance, since both liens are required to be filed in the one lien docket book, G.S. 44-38, G.S. 2-42, and since the recitals relating to old age assistance, even though inconsistent, could not mislead. This result is not affected by the fact that another lien docket book was kept in the clerk's office, but had not been used for over thirty years, or the fact that all liens had theretofore been filed in the judgment docket.

APPEAL by plaintiff from *Morris, J.,* October Term 1955, CURRITUCK Superior Court.

Civil action instituted 29 December, 1954, by the plaintiff against M. G. Woodhouse for the recovery of $1,597.87, balance due for materials furnished and labor performed in the construction of a building on a certain described lot in Currituck County. The amended complaint alleges that notice of claim of lien was duly filed in the clerk's office within six months from the time the materials were furnished and the work was done; that suit was instituted within six months from the date of filing the lien. The defendant, M. G. Woodhouse, by answer admitted that materials were furnished and labor was done, but claimed the amount demanded was excessive.

By consent of both parties, O. L. Woodhouse was permitted to intervene. By answer, he alleged plaintiff's notice of lien was not filed and indexed as required by law and did not take precedence over a deed of trust executed for his benefit on 1 September, 1954, by the defendant, M. G. Woodhouse.

At the time of trial, attorneys for plaintiff and intervenor signed the following:

"It is stipulated and agreed that at a pretrial conference the presiding judge inspected the notice of claim of lien as it appears in the records of the Clerk of the Superior Court of Currituck County. It was then agreed that the plaintiff would not introduce

said notice of claim of lien in his evidence but that on the coming in of the verdict the judge would find the facts as to the filing, or ·purported filing of said lien, and that he would then make his ruling as to the effect of said filing of said claim of lien herein involved."

On a proper issue the jury found the defendant, M. G. Woodhouse, was indebted to the plaintiff in the sum of $1,597.87. The court entered judgment for the plaintiff against the defendant M. G. Woodhouse accordingly. The court, as a part of the same judgment, set out its findings of fact with respect to the filing of the claim of lien and concluded as a matter of law that it was not filed in accordance with statutory requirements, did not give due and proper notice, and did not constitute a lien upon the property of M. G. Woodhouse.

To the findings of fact and to so much of the judgment as held the claim of lien was not properly filed and did not constitute a lien upon the property described in the lien, the plaintiff excepted and appealed.

*J. W. Jennette for plaintiff, appellant.*
*Frank B. Aycock, Jr., for defendant, O. L. Woodhouse, appellee.*

HIGGINS, J. The plaintiff's Assignment of Error No. 3 calls in question that part of the judgment following:

"It is further ORDERED, DECREED AND ADJUDGED that said judgment does not constitute a prior lien upon the property of M. G. Woodhouse, for that the material furnishers and laborers lien purported to be filed in the office of the Clerk Superior Court of Currituck County was not filed in accordance with the statute in such case made and provided . . .

"Upon the foregoing findings of fact the Court being of the opinion that the Notice of Claim of Lien in this case was not properly filed in the office of the Clerk Superior Court, so as to give due and proper notice, in compliance with the statute;

"It is ORDERED that said Claim of Lien is of no legal effect and that the Judgment hereby entered in this cause shall constitute a lien upon the property of the defendant to the same extent as if no Notice of Claim of Lien had been filed."

The complaint alleges and the answer admits the plaintiff during May, June and July, 1954, furnished material and labor in the erection of a building upon defendant's lot. The court found as a fact that on 1 November, 1954, the plaintiff

"caused to be filed with the Clerk . . . Notice of Claim of Lien . . . in regular form . . . duly and properly sworn to, . . . and there was attached to the same an itemized account showing material furnished and labor done . . . which said Notice of Claim of Lien was by the Clerk of the Superior Court in its original form attached to page 100 of Lien Docket kept in the office of the Clerk . . . for filing of Notice and Claim of Lien pursuant to G.S. 108-30.1, same being the section . . . providing for liens with reference to persons receiving old age assistance; that said Notice of Claim of Lien was indexed in said book under the name 'M. G. Woodhouse' as recipient and 'H. B. Saunders' as claimant, though the same was not cross-indexed; that the book . . . is labeled 'Lien Docket 1, Currituck County, Ralph E. Saunders, C.S.C.' . . . which is the only notation on the cover of the book; that immediately beneath the Notice of Claim of Lien is the following: 'H. B. Saunders *v.* M. G. Woodhouse. Notice and Claim of Lien.' Immediately beneath the name of M. G. Woodhouse is printed and in parenthesis 'Name of Recipient. Notice and Claim of Lien is hereby made and filed pursuant to the provisions of G. S. Sect. 108-30.1 by H. B. Saunders against the property of the above-named recipient who was on the 1st day of November, 1954, approved for and is currently receiving old age assistance.' "

The question of actual notice to the intervenor does not arise on this record. Admittedly the deed of trust under which he claims a lien was executed on 1 September, 1954, and registered. Plaintiff's claim of lien was filed 1 November, 1954. However, if it is properly filed and indexed the lien related back and attached to the building and lot for material furnished and labor done within the six months period prior to the filing date. The additional requirement that suit must be brought within six months from the date of filing the lien has been met by the institution of this suit on 29 December, 1954. *Assurance Society v. Basnight,* 234 N.C. 347, 67 S.E. 2d 390; *Atlas Supply Co. v. McCurry,* 199 N.C. 799, 156 S.E. 91; *King v. Elliott,* 197 N.C. 93, 147 S.E. 701; *Porter v. Case,* 187 N.C. 629, 122 S.E. 483.

Was the plaintiff's lien filed as required by G.S. 44-38? The section designates "the place of filing as the office of the Clerk Superior Court in any county where the labor has been performed or the material furnished if more than $200 or the title to real estate or any interest therein are involved." Filing means something more than the mere delivery of the written claim to the clerk's office. *Ely v. Norman,* 175 N.C. 294, 95 S.E. 543. This Court said in the case of *Cook v. Cobb,* 101 N.C. 68, 7 S.E. 700:

"The obvious purpose of this requirement is to give public notice, in the office designated of the plaintiff's claim—his debt—the amount of it, the materials supplied or the labor done, when done, on what property, . . . specified with such detail and certainty as will give reasonable notice to all persons of the character of the 'claim' and the property to which the lien, on account of the same attaches, and of the lien thereby established."

The section of the statute, G.S. 44-38, which provides for the lien does not set out what shall be done by the clerk to complete "filing." However, G.S. 2-42 does so provide. The section requires the clerk to keep 35 books in his office. No. 23 on the list is "Lien Docket, which shall contain a record of all notices of liens filed in his office, *properly indexed,* showing the names of the lienor and lienee." Filing, therefore, contemplates (1) the transcribing of the notice and claim of lien in the lien docket in the clerk's office, and (2) the indexing in the name of the claimant and in the name of the person against whose property the lien is claimed. It will be noted that the section does not require cross-indexing.

In this case the court found that plaintiff's claim of lien was delivered to the clerk complete and in order; that in its original form it was attached to page 100, Lien Docket, kept in the office of the Clerk Superior Court, Currituck County, for the filing of liens pursuant to G.S. 108-30.1 for old age assistance. The court also found that the book was labeled "Lien Docket 1, Currituck County, Ralph E. Saunders, C. S. C." Without question the book is intended to be and is the lien docket contemplated by G.S. 2-42. It is so designated on the book without reference to old age assistance. That no old age assistance lien docket is contemplated or provided for is made manifest by (1) omission from the list of books the clerk is required to keep in his office and (2) by the requirement of G.S. 108-30.1 that the claims for old age assistance *shall be filed in the regular lien docket.* (Emphasis added.) Not only is there no provision for an old age assistance docket, but the statute positively requires that such claims be filed in the regular lien docket. It is patent, therefore, that liens for old age assistance and for building materials and labor must be filed in the same book—the lien docket.

We may dismiss as of no consequence the finding there was another lien docket in the clerk's office. It had not been used for any purpose since 1920, except to occupy space in the rack of books, collect dust, and to await the time when some historian might find in it something of interest. Equally without significance is the finding that all liens between 1920 and 27 May, 1954 (the date when the new lien docket came into use) were filed in the judgment docket.

The plaintiff's lien was the first of its character filed in the current lien docket. The clerk had certain printed matter on some, or perhaps all pages to facilitate the filing of old age assistance liens. He attached plaintiff's lien to page 100 as having been filed on that page. In addition to attaching the lien, he filled in certain blanks left exposed on the page relating to old age assistance. In so doing the clerk neither added to nor detracted from the plaintiff's claim of lien which was complete in itself. It itemized the materials and the labor and showed the balance of $1,597.87 yet due. It described the lot on which the building was erected and on which the lien was claimed. This is implied by the court's finding that the lien was regular in form. This information could not be confused with any claim for old age assistance. The index disclosed that on page 100 H. B. Saunders had a claim of lien against M. G. Woodhouse. It is difficult to see how examination of the page could mislead. Suppose the recitals are inconsistent. The examiner would be put upon further inquiry. As was said in the case of *Miller v. White,* 49 N.C. 116: "An inconsistent recital in a bail bond as to who was the party plaintiff may be regarded as surplusage when there is enough besides on the face of the instrument to show who was really the plaintiff."

Attention has already been directed to the fact that G.S. 2-42 does not require the cross-indexing of liens filed *in the clerk's office.* That section is not to be confused with the requirements for registering liens, deeds, etc., *in the office of the register of deeds* as provided by G.S. 161-22, which does require cross-indexing. With this distinction it is readily understood that what is said here is in nowise in conflict with *Johnson Cotton Co. v. Hobgood, ante,* 227, 90 S.E. 2d 541; *Dorman v. Goodman,* 213 N.C. 406, 196 S.E. 352; *West v. Jackson,* 198 N.C. 693, 153 S.E. 257; *Ely v. Norman,* 175 N.C. 294, 95 S.E. 543, and cases therein cited.

The plaintiff's lien was filed according to statutory requirements. Assignment of Error No. 3 must be sustained. The judgment will be modified in the Superior Court in accordance with this opinion. The plaintiff may move in the Superior Court for such addition to the judgment as he may be entitled to in order to enforce his lien, and to have the addition made *nunc pro tunc.*

Modified and affirmed.