R. B. BLAND, Adm'r. of T. J. BLAND *v.* THOMAS D. WARREN and wife E. A. WARREN.

It is not competent to introduce as evidence the entries made by a decedent, containing accounts against third persons in his own favor.

Entries made by Merchants' Clerks, and other persons acting as agents and servants in their usual course of business, who are dead, are competent evidence of the statements they contain.

Under the Rev. Code, chapter 15, known as the book debt act, it is admissible, to the amount of sixty dollars, to offer the book accounts of a decedent, containing charges against third persons, and made by him.

CIVIL ACTION, tried before *Pool J.* at Spring Term, 1871, of Chowan Court.

BLAND, ADM'R. OF BLAND *v.* WARREN AND WIFE.

The plaintiff in his complaints alleged that the defendants were indebted to his intestate for goods sold and delivered, money advanced, and labor performed, as shown by the books of plaintiff's intestate, and from entries made by said intestate. The defendants in their answer 'denied the allegation of the complaint.

For the purpose of proving the allegations of the complaint, the plaintiff introduced the son of the intestate, who testified that about the time the alleged account was contracted, that his father and the defendants had large business transactions. That the intestate in his usual course of business with the defendants, and other persons, kept his accounts in a certain book in his own hand writing, and that he (the witness) knew the hand-writing of his father.

The plaintiff proposed to prove by said witness, that the entries in said book, were in the hand-writing of the intestate; that it was kept by the intestate, and contained the accounts of his business transactions; that it was found amongst the valuable effects of the deceased, and was delivered by the witness to the plaintiff. This evidence was rejected by his Honor, to which plaintiff excepted, and submitted to a nonsuit. Rule, &c. Judgment and appeal.

*John A. Moore,* for appellant.
No Counsel, for appellee,

BOYDEN, J. It is a general rule of law, that a party cannot make evidence for himself, and that a party cannot introduce his own declarations, oral or written, as evidence in his own behalf. It is true that an entry of a credit upon a bond, before the presumption of payment has arisen, in the hand-writing of the obligee, is evidence to rebut the presumption of payment; but this is for the reason that at the time of the entry, it was against the interest of the obligee to make it, as it lessened the

amount recoverable upon the bond.    *Williams* v. *Alexander,* 6 Jones, 137.

It follows, that there was no error in rejecting the evidence in this case.

By the book-debt law, such evidence is made admissible, to the amount of sixty dollars, but this was in derogation of the common law.

It is true, that when entries have been made, in the usual course of business, by merchants' clerks, and such clerks are dead, these entries thus made are admissible as evidence; but we know of no case where such entries have been held admissible when in the hand-writing of the party himself. In the case of the *Bank of the State of North Carolina* v. *Clarke et. al.,* 1 Hawks 36, the Court held the books of the Bank inadmissible in favor of the Bank.

PER CURIAM.                         Judgment affirmed.