A. W. MORGAN and A. L. SMITH *vs.* L. C. HUBBARD and WARREN MOSELEY.

1. It is not competent for a co-debtor to offer in evidence, an entry in writing, of a payment of a debt, made by another co-debtor, who died prior to the institution of a suit, to recover the debt.

2. Such an entry is the simple declaration of the debtor that the claim was paid, which has neither the solemnity of an oath, nor the test of a cross-examination, whether objectionable also as made in the debtor interest *quere.*

*Bland* v. *Warren*, 65 N. C.. 372, cited and approved.

Appeal from a Justice's judgment tried before Russell, Judge, at Spring Term 1871, of Sampson Superior Court.

The plaintiffs declared for goods sold and delivered to the defendants and one Robert Mosely, trading as Hubbard, Moseley & Co., during the year 1860, and in support of their claim they read in evidence the depositions of the plaintiffs as to the sale of the goods, that they had not been paid for, and also the order of the defendants for the property alleged to have been sold.

The answer of the defendants relied upon the plea that said account had been paid off and discharged.

In support of the latter defense, the defendants introduced the defendant L. C. Hubbard, who testified that the book offered in evidence belonged to their firm, in which was kept all the debts owing by them. That Robert Mosely, one of the firm generally attended to the settling the claims against the firm, and this book showed in the handwriting of said Mosely that this claim was paid off. That Mosely died in July 1855, and that prior to his death he had always kept the books in a correct, business-like manner. This evidence was objected to by the plaintiffs, but received by the Court. Verdict for defendant. Rule, &c. Judgment and appeal.

*J. W. Hinsdale* for plaintiffs.
*No Counsel* for defendants.

A. W. Morgan and A. L. Smith *v.* L. C. Hubbard and Warren Moseley.

Reade, J.    It not being controverted, that the goods were furnished to the defendants by the plaintiffs, and the plaintiffs having testified under the solemnity of an oath, and under the test of a cross-examination, that the bill had not been paid, it would excite surprise that the jury should have found the bill paid, upon the simple declaration of the defendant, that he had paid, which declaration had neither the solemnity of an oath, nor the test of a cross-examination.    And, surely the entry by the defendant in his book opposite the statement of the bill "paid," can have no other force or effect than a simple declaration of the defendant.    It is conceded however, that we could not consider the mere weight of the evidence that was for the jury.    All that we can do is to say whether the simple declaration of the defendant, the entry in the book, "paid was competent evidence for the consideration of the jury.    It is well settled that it was not.    First, because, it was not under oath; second, because it had not the test of a cross-examination.    It would be liable to the further objection that the entry was in interest of the party making it; but probably, that need not be considered now, as a party is allowed to give evidence for himself, the only reason for mentioning it, is to distinguish it from the case where a third person, as clerk makes an entry in the regular course of busines, and dies, the entry is evidence, not *proof* but *evidence*, for the consideration of the jury, this has been allowed from the necessity of the case, and because of the absence of any interest in the clerk to make a false entry.

And now it is insisted, that inasmuch as the entry of a deceased clerk is evidence, because there was no interest to affect it, and inasmuch as the interest of a party does not now exclude his testimony, the entry by a deceased party, ought to stand upon the same footing as the entry by a deceased clerk. But the answer is, that the Statute has only made a party in interest competent to testify under oath, and a cross-examination, and does not go to the extent of allowing simple dec-

larations of the living, or written entries of the dead party. A like question was lately before us in *Bland* v. *Warren*, 65 N. C., 372.

There is error.

PER CURIAM.                                   *Venire de novo.*