BENJAMIN W. WATERS v. J. M. ROBERTS.

*Landlord and Tenant—Notice to Quit.*

1. In summary ejectment under the landlord and tenant act: Plaintiff leased to W and W assigned to the defendant; *Held*, upon the trial of an issue, whether the lease of the plaintiff to W was by the month, that testimony offered by the defendant to show that he leased from W by the year, was properly ruled out, as irrelevant.

2. The notice to quit given by the landlord, instead of by the immediate lessor, was sufficient.

    (*Bruner v. Threadgill*, 88 N. C., 361, and case cited, approved).

CIVIL ACTION tried at Spring Term, 1883, of BEAUFORT Superior Court, before *Shepherd, J.*

The action was commenced before a justice of the peace, under the landlord and tenant act, to recover possession of certain rooms of a house, situated in the town of Washington, from the defendant and one A. T. Waters, upon both of whom notice to quit had been served. The plaintiff recovered judgment before the justice, and Roberts alone appealed to the superior court.

The premises in question consisted of a dwelling-house, a bar-room and a store.

The defendant denied that he was in any sense the tenant of the plaintiff, and insisted that the notice to quit should have been given him by his immediate lessor, A. T. Waters, and not by the plaintiff, and that the lease from the plaintiff to A. T. Waters, under whom he claimed, had not expired.

10

The following issues were agreed upon and submitted to the jury:

1. Was A. T. Waters a tenant by the month of the plaintiff? Ans.—Yes.

2. What rent per month is plaintiff entitled to?    Ans.—Seven dollars.

On the trial, the plaintiff testified that on the first of January, 1882, he leased the whole of the premises to A. T. Waters at $16.66⅔ per month, and that the lease was "by the month and the rent payable monthly"; that on the 12th of January, 1883, A. T. Waters, who had been occupying two of the rooms in the building as a bar, sold his stock to the defendant Roberts; and admitted that Roberts purchased and acquired by said sale all the interest of A. T. Waters in the rooms occupied by him as a bar; that A. T. Waters paid him rent for the year 1881, and for each month since; that A. T. Waters rented one room in the building for the year 1882 to one Farrow, who still occupies it, but the witness did not know the terms of the lease.

The defendant, with the view of contradicting the terms of the lease from the plaintiff to A. T. Waters, as stated by the plaintiff in his examination, proposed to testify as to whether he (Roberts) rented for the whole year of A. T. Waters at the time he bought his stock.   The plaintiff's counsel admitted that the defendant acquired whatever interest A. T. Waters had in the lease, and objected to the testimony on the ground of irrelevancy.

The objection was sustained, and the defendant excepted.   The defendant, for the same purpose, offered to prove that Farrow rented the room occupied by him from A. T. Waters by the year. To this the plaintiff also objected: objection sustained, and defendant excepted.

The defendant's counsel then proposed to argue the terms of the lease from Waters to Farrow, but he was stopped by the court, and the defendant excepted.

The jury found in favor of the plaintiff, upon the issues as above set out, and the defendant appealed from the judgment rendered thereon.

*Mr. Geo. H. Brown, Jr.*, for plaintiff.
No counsel for defendant.

ASHE, J.   It is shown by the record that A. T. Waters claims the premises by a lease from month to month from the plaintiff, and that the defendant Roberts claims the bar-room under the said Waters.   Taking these to be the facts of the case, it is an established principle that a tenant is estopped to deny the title of his landlord: and the rule extends to a tenant holding over, as well as to an under-tenant, assignee or other person claiming under the lease.   Taylor on Landlord and Tenant, §705.   But it was competent for Roberts, the under-tenant, to show that his lease had not expired; and for that purpose he proposed to contradict the testimony of the plaintiff, who had testified that his lease to A. T. Waters was by the month, by showing that the lease to him from A. T. Waters was for a whole year, and that the lease of said Waters to Farrow was for a like term. The refusal of the court to admit this testimony constitutes the first two exceptions taken by the defendant, upon points of evidence.

The ruling is correct.   The evidence is clearly incompetent, because irrelevant to the issue.   The issue was, " Was A. T. Waters a tenant of the plaintiff by the month?"   The facts proposed to be proved were collateral to the issue :· they were facts from which no reasonable inference could be drawn as to the matter in dispute: they had no connection with the issue, and were *res inter alias acta.*

This principle is well illustrated by Mr. STARKIE in his work on Evidence, p. 618, by the cases there cited.   For example: the time at which one tenant pays his rent is not evidence to show at what time another tenant of the same landlord, and of the same description as the former, pays his rent.   *Carter* v.

WATERS *v.* ROBERTS.

*Pryke,* Es. & Peake Rep., 95; *Furneux* v. *Hutchins,* Camp., 807. Nor is the quality of a commodity, sold to one customer, proved by showing the quality of that sold to others. *Hollingham* v. *Head,* B. N. S., Vol. I, 387, where WILLES, J., says: "The question is whether in an action for goods sold and delivered, it is competent to the defendant to set up, by way of defence, that the plaintiff has entered into contracts with third persons in a particular firm, with the view of thereby inducing the jury to come to the conclusion that the contract sued upon was not as represented by the plaintiff. I am clearly of the opinion it was not competent to the defendant to do so." Same principle in *Bruner* v. *Threadgill,* 88 N. C., 361; *Warren* v. *Makely,* 85 N. C., 12.

The exception to the refusal of the judge to permit the defendant's counsel to argue the terms of the lease to Farrow, was properly overruled, for there was no evidence before the jury upon which such an argument could be predicated.

A point was made by the defendant, as to the notice to quit, in contending that it should have been given him by his immediate lessor, and not by the plaintiff, but there is no force in the objection. The notice was properly given, whether the defendant Roberts was in possession by an assignment of the lease of A. T. Waters, or by a sub-lease from him. An assignment of a lease passes the whole estate of the lessee; a lease, a less estate than the lessor had. By an assignment, the assignee is placed in the shoes of the assignor, and a notice to him is as good as it would be to the assignor had there been no assignment. In the case of a sub-lease, the notice, as has been held, must be given by the lessor to his lessee, or by the mesne-lessee to the undertenant. Taylor, *supra,* §3. So that, whichever way it may be taken, the notice to quit was good, for it was given to both A. T. Waters and Roberts.

No error.                                                                   Affirmed.