DURHAM DYEING CO. v. GOLDEN BELT HOSIERY CO.

.(Decided April 3, 1900.)

*Counterclaim—Incompetent Evidence—Res Inter Alios Acta.*

1. Where the defendant admits the contract price for work done by plaintiff, but sets up a counterclaim on account of defective character of the work, the burden of proof rests on the defendant.

2. For the purpose of proving the loss on the goods from defective dyeing, the defendant offered in evidence a statement of account of sales contained in the deposition of A. T. Bloomer, who testified he had no experience in dyeing, but conducted the sale of the goods as salesman of the consignee of defendant: *Held*, incompetent, on objection.

CIVIL ACTION to recover the agreed value of dyeing 29,110 pounds of hosiery at 5½ cents per pound—gross amount claimed $1,601.05, subject to admitted payment of $385.90, tried before *Brown, J.,* at October Term, 1899, of the Superior Court of DURHAM County.

The defendant set up a counterclaim for $3,000 damages for failure of plaintiff to properly perform their contract.

The counterclaim was denied in the reply.    The evidence offered by defendant in support of it was, on objection, excluded by the Court.    Defendant excepted.

The excluded evidence is stated in the opinion.

The defendant submitted to a nonsuit upon the counterclaim. Judgment in favor of plaintiff for $1,215.15. Appeal by defendant.

*Messrs. Manning & Foushee,* and *Guthrie & Guthrie,* for appellant.

*Messrs. Boone, Bryant & Biggs,* for appellee.

FAIRCLOTH, C. J.  The defendant manufactures hosiery goods and plaintiff contracted to dye defendant's hosiery goods skillfully, satisfactorily in quality, and up to the standard grade of similar work in other reputable dye works, and to pay any damage done to the goods, whilst in plaintiff's possession, in the process of dyeing.

This action is brought to recover balance due for said work. Defendant admits the amount due and unpaid, claimed by plaintiff, subject to defendant's counterclaim for defective work and damage in the dyeing process.

Defendant usually, after its goods were dyed, shipped them to Hardt Von Bernuth & Co., to be sold, and statements of sales were rendered the defendants by the Hardt Bernuth Co., through its selling agent, A. T. Bloomer. Pending this action the defendant took the deposition of A. T. Bloomer in New York City, which was read on the trial. Bloomer testified he was a salesman and had no experience in dyeing.

The defendant offered a statement of account of sales of Hardt Von Bermuth & Co., through A. T. Bloomer to defendant, for the purpose of proving the loss on the goods. The plaintiff's objection was sustained, and defendant made its third exception. The case turns upon the competency of this evidence offered in support of the defendant's counterclaim.

When the defendant rested its case his Honor stated that he would instruct the jury that the evidence in support of the

counterclaim was not sufficient to go to the jury. The defendant took a nonsuit as to the counterclaim, and appealed.

The sale statements offered were incompetent against the plaintiff. They were simply the declarations of the defendant's agent. Their admission would violate the rule *res inter alios acta,* which excludes such evidence. *Waters v. Roberts,* 89 N. C., 145.

So is a copy taken from a merchant's books. *Bitting v. Thaxton,* 72 N. C., 541.

Likewise, the entry of a payment made in writing by a co-debtor is only his declaration, and, therefore, incompetent as to the creditor. *Morgan v. Hubbard,* 66 N. C., 394.

So it is with the book of accounts of a bank against the customer. *State Bank v. Clark,* 8 N. C., 36.

The other exceptions present nothing materially different from the third exception. Without the excluded evidence, there was none sufficient for the jury to support the counterclaim.

Affirmed.