OTHO BRANCH v. W. H. AYSCUE.

(Filed 10 October, 1923.)

1. **Evidence—Declarations—Trespass—Title.**

   It is not objectionable, as unsworn declarations of the absent tenant, for the plaintiff in claim and delivery to testify, in his action against the landlord for the possession of the tenant's share of the crop, that the tenant had assigned his share to him for the support of his children, it being competent to show how he had acquired the title thereto.

2. **Evidence—Book Entries.**

   A party to an action may not show unverified entries of credit in his behalf on his own books involved in a disputed account, the same not falling within the intent and meaning of C. S., secs. 1786, 1787, 1788, especially when it has not been made to appear that the person having made them is dead or cannot be had to give his sworn statement of the transaction.

3. **Same—Appeal and Error—Prejudice—New Trials.**

   The erroneous admission of book entries in this case is *held* for reversible error, being material to the principal issue in the cause, and prejudicial to appellants.

APPEAL by defendant from *Cranmer, J.,* at February Term, 1923, of FRANKLIN.

Civil action. The action is to recover plaintiff's share of crop of tobacco, or the value thereof, grown on lands of plaintiff for the year 1922 by Ed Alston, tenant of defendant, and sued for by plaintiff as

assignee of the tenant. Defendant denied the indebtedness and claimed the tobacco for advancements made by him to Ed Alston during his said tenancy.

Plaintiff offered evidence tending to show that Ed Alston as tenant for defendant for 1922 grew a crop of corn, cotton, and tobacco on defendant's land. That the tenant, having determined to leave the State or community, put plaintiff in charge of his eight children and assigned plaintiff his crop, telling him to sell same and apply proceeds in aid of the children's support after paying his landlord, the defendant, for a box of meat and a barrel of flour. That plaintiff applied for said share, and defendant, assenting to the assignment, turned over to plaintiff the tenant's share of the corn and cotton, saying that the tenant's account was very little, not more than twenty-five or thirty dollars. That when plaintiff applied for the tenant's share of the tobacco, defendant refused to permit its removal till he was paid for his advancements, alleged by defendant to be $223.76.

Defendant denied any assent to taking the crop as a right, saying he had allowed plaintiff to pick out the cotton in charity to the children. He also denied saying the account of the tenant was only twenty-five or thirty dollars, and testified that the advancements were as stated, $223.76. Defendant also testified in denial of plaintiff's claim that tenant had lent defendant $200, or that the money included in his claim for advancements was to repay the alleged loan. On issues submitted, the jury rendered a verdict as follows:

"1. Is the plaintiff the owner and entitled to the possession of the tobacco described in the complaint? Answer: 'Yes.'

"2. What was the value of said tobacco crop at the time of its seizure in claim and delivery? Answer: '$654.60.'

"3. In what sum, if any, is defendant indebted to the plaintiff? Answer: '$274.07.'"

Judgment for plaintiff, and defendant excepted and appealed, assigning errors.

*Wm. H. & Thos. W. Ruffin for plaintiff.*
*W. M. Person for defendant.*

HOKE, J. Defendant excepts to the validity of the trial:

First, because the court allowed plaintiff to testify that Ed Alston, the tenant, assigned plaintiff his share of the crop with directions to sell same and apply the proceeds in aid of his children's support, this on the ground that it admits the unsworn declarations of the tenant, but the objection is without merit and does not properly characterize the evidence. It does not give or purport to give merely the unsworn

declarations of the absent tenant, but is the testimony of the plaintiff as to how he acquired his title, the witness speaking on oath and on matter directly relevant to the issue.

Defendant excepts further for that the court, over his objection, allowed the introduction of the account book of Ed Alston, purporting to contain a statement of his dealings with defendant, in the hand-writing of his daughter, Eula, and plaintiff was permitted to read to the jury certain entries in said book as follows:

"Loaned Ayscue (defendant) $200 in 1921.

"Paid in April, 1922."

And in our opinion this objection must be sustained.

There are conditions permitting the introduction of verified account books and copies of the same under specified and restricted conditions, appearing chiefly in C. S., secs. 1786-87-88, but we know of no principle that will uphold the competency of an unverified account as containing entries in the parties' own favor, assuredly not where it has not even been made to appear that such person is dead and cannot be had to give his sworn evidence of the transaction. *Peele v. Powell,* 156 N. C., 553-560; *Bland v. Warren, etc.,* 65 N. C., 372; 17 Cyc., 365-368.

We at first thought that the entry might be regarded as harmless because the same book showed that the amount had been repaid, but on further consideration of the record it appears that defendant claimed and was testifying to advancements to the amount of $223.76, chiefly in money, and these entries were capable of being used and no doubt were used as pregnant evidence on the part of plaintiff tending to show that these amounts paid to the tenant were not advancements as defendant contended, but were only in repayment of the loan as shown by the entries referred to. They were, therefore, undoubtedly material to the principal issue in the case, and their reception constitutes prejudicial error which entitles defendant to a

New trial.