Action to enjoin the sale of land under the power of sale contained in a mortgage from plaintiffs to the defendant, W. C. Idol, trustee, and for the cancellation of said mortgage, and of the note secured thereby, payable to the defendant, the Piedmont Building and Loan Association.
The allegation in the complaint that plaintiffs have received no consideration for said note was denied in the answer. The issue thereby raised was submitted to the jury and answered as follows:
"Was the note secured by a mortgage, which mortgage is recorded in Book 444, page 300, in the office of the register of deeds of Guilford County, executed without consideration, as alleged in the complaint? Answer: Yes."
From judgment on the verdict, defendants appealed to the Supreme Court.
Some time prior to 13 October, 1924, the plaintiff, S. O. Peebles, the owner of a certificate for ten shares of its stock, issued to him on 15 January, 1924, applied to the defendant, the Piedmont Building and Loan Association of High Point, N.C. for a loan of $1,000, to be secured by said certificate, and by a mortgage on certain land described in said application. The application for the loan was approved by the directors of said association. Thereupon, on 13 October, 1924, plaintiffs executed a mortgage by which they conveyed to the defendant, W. C. Idol, trustee, the land described in the application. A note for $1,000, executed by the plaintiff, S. O. Peebles, and payable to the defendant association, the mortgage securing said note, executed and acknowledged by the plaintiffs, and the certificate for ten shares of its stock, owned by the plaintiff, S. O. Peebles, were delivered to the defendant *Page 58 
association and are now in its possession. Default has been made in the payment of said note, according to its tenor, and at the request of the defendant association, the defendant, W. C. Idol, trustee, has advertised the land conveyed to him by the mortgage for sale.
Plaintiffs allege in the complaint in this action that they have received no consideration for the note secured by the mortgage; they pray judgment that the defendants be enjoined from selling the land described in the mortgage, under the power of sale contained therein, and that the note and mortgage be canceled and delivered to them.
Defendants deny the allegation in the complaint that plaintiffs have received no consideration for said note; they allege that a check for $1,000, payable to S. O. Peebles, and drawn by W. C. Idol, secretary of the Piedmont Building and Loan Association, on the Wachovia Bank and Trust Company, was delivered to the plaintiff, S. O. Peebles, on or about 17 November, 1924, for said note, and that said check was deposited by the said S. O. Peebles with the Wachovia Bank and Trust Company of High Point, N.C. to his credit, on 19 November, 1924, and that on said day the said check was charged to the account of the Piedmont Building and Loan Association with said Bank and Trust Company.
Evidence for the plaintiffs tended to show that within a few days after the note, mortgage and certificate were delivered by him to the defendant association, and before its attorneys had reported to it the result of their investigation as to plaintiffs' title to the land described in the mortgage, the plaintiff, S. O. Peebles, notified W. C. Idol, secretary of the defendant association, that he would not need the loan for which he had applied, and that he had requested the said W. C. Idol to return his papers to him, and that the said W. C. Idol advised the said plaintiff that the said papers would be returned to him by mail, as soon as they were received from the attorneys of the association. The report of the attorneys was received by the association on 28 October, 1924. Neither the note, the mortgage nor the certificate was returned to plaintiffs. S. O. Peebles testified that when he subsequently called on W. C. Idol, secretary of defendant association, and again requested him to return his papers to him, the said W. C. Idol, after failing to find the papers in his office, insisted that they had been returned to plaintiff by mail. Under the rules governing the defendant association, interest on loans to its stockholders was payable monthly, with the monthly payments on the shares of stock owned by them. No demand was made on plaintiff, S. O. Peebles, for interest on his note until some time in October, 1927, when defendant association demanded of the said S. O. Peebles payment of interest for thirty-four months, contending that he was in arrears on *Page 59 
these payments. Plaintiff denied that he owed the defendant association any sum on account of said note, and demanded the return of the note and mortgage to him.
Evidence for the defendants tended to show that on 17 November, 1924, the defendant, W. C. Idol, as secretary of the defendant association, drew a check for $1,000, payable to S. O. Peebles, on the Wachovia Bank and Trust Company, for the loan which said association had agreed to make to the plaintiff. The note, mortgage and stock certificate were then in the possession of the defendant association, having been received from its attorneys, with their approval of plaintiffs' title to the land described in the mortgage, on 28 October, 1924. The mortgage which had been duly acknowledged by plaintiffs on 13 October, 1924, was recorded in the office of the register of deeds of Guilford County, on 29 October, 1924. W. C. Idol testified that he had no recollection that plaintiff had notified him that he did not want the loan, and had requested him to return the papers to him, as soon as they were received from the attorneys of the association. He testified that as secretary of the defendant association, on 17 November, 1924, he drew a check for $1,000, payable to S. O. Peebles, and that he filled in the blanks on the stub of his check book, showing date, the amount and the payee of the check. He did not testify that he delivered the check to S. O. Peebles, in person or otherwise. Neither the check nor the stub was offered in evidence. Witnesses for defendants testified that the checks of the defendant association and the stubs for the month of November, 1924, had been destroyed. Defendants accounted for the failure to demand of the plaintiff the monthly payments of the interest on the note, in accordance with its terms, by evidence tending to show that the bookkeeper in the employment of the defendant association failed to make the proper entries on the records of the association, and did not discover his error until after the lapse of thirty-four months.
In order to show that plaintiff, S. O. Peebles, received and collected the check for $1,000, which defendants' evidence tended to show was drawn by W. C. Idol, as secretary of defendant association, payable to him, defendants offered in evidence, without objection from plaintiffs, the account of S. O. Peebles with the Wachovia Bank and Trust Company. This account showed that on 19 November, 1924, S. O. Peebles deposited to his credit with said Bank and Trust Company the sum of $1,000. There was no evidence tending to identify this deposit with the check for $1,000, drawn by W. C. Idol, secretary of the Piedmont Building and Loan Association, bearing date 17 November, 1924. There was evidence tending to show that from November, 1924, to september, 1925, S. O. Peebles, who was actively engaged in business during said period made 340 deposits with the Wachovia Bank and Trust Company *Page 60 
at High Point, N.C. aggregating the sum of $142,951.50. Three of these deposits were for $1,000 each, to wit, on 19 November, 1924, 14 April, 1925, and 24 September, 1925. Plaintiff testified that he was unable, at the date of the trial in June, 1929, to identify the source of any of these deposits. W. C. Idol, who is the cashier of the Wachovia Bank and Trust Company at High Point, and also secretary of the Piedmont Building and Loan Association, testified that he had, upon investigation, ascertained that one of the deposits for $1,000, shown on the account of S. O. Peebles, was a loan made to him by the said Bank and Trust Company, and that the other deposit was a loan made to him by the defendant association, subsequent to the date of the note in controversy. The witness was unable to identify the deposit of 19 November, 1924, with the check which he had testified that he drew as secretary of the defendant association, payable to S. O. Peebles on 17 November, 1924.
Defendants further offered in evidence the account of the Piedmont Building and Loan Association with the Wachovia Bank and Trust Company, for the month of November, 1924, as shown on a ledger sheet identified as a record of said Bank and Trust Company made in the due course of its business. Plaintiffs objected to the introduction of this ledger sheet which showed that on 19 November, 1924, the Piedmont Building and Loan Association was charged with three items, two of $1,000 each, and one of $700. There was no evidence tending to show to whom these sums were paid, or tending to show that either of the items for $1,000 had any relation to the deposit of $1,000 on the same day to the credit of S. O. Peebles. Plaintiffs' objection to the introduction of the ledger sheet showing the account of the Piedmont Building and Loan Association with the Wachovia Bank and Trust Company was sustained. On their appeal to this Court, defendants rely chiefly upon their assignment of error based upon this exception.
In the absence of evidence from which the jury could find that one of the items of $1,000, shown on the ledger sheet, as charged to the account of the defendant association, on 19 November, 1924, was paid to the plaintiff, S. O. Peebles, on the check drawn by W. C. Idol, secretary of said association, on 17 November, 1924, payable to him, the said ledger sheet was properly excluded as evidence upon the issue submitted to the jury in this case. It has been held that the books of a bank when they are proved to have come from the proper depository, are admissible in evidence. 10 R. C. L., p. 1175, sec. 373. However, they are not admissible, when they are not competent, for the reason that they have no probative value as evidence tending to establish a fact involved in the issue to be determined by the jury. In the instant case, the fact that the account of the defendant association with the Wachovia Bank and *Page 61 
Trust Company was charged on 19 November, 1924, with two items of $1,000 each, does not tend to show that the deposit on the same day with said Bank and Trust Company of $1,000, to the credit of S. O. Peebles, was made from the proceeds of either of said items. The fact which the excluded evidence tends to show is not relevant to the facts sought to be proved, to wit: that S. O. Peebles deposited the check of the defendant association with the said Bank and Trust Company, on 19 November, 1924, and that said check was paid by the said Bank and Trust Company to him on said day. Evidence, although admissible, should be excluded when it is irrelevant, and therefore incompetent. In Martin v. Knight, 147 N.C. 564, 61 S.E. 447, it is said, on page 582: "It is clear that a paper-writing or record containing no information upon which an inference could be drawn in regard to the matter in controversy, is irrelevant and inadmissible for any purpose." The entry on the ledger sheet which was excluded by the court showed only that two items, each for $1,000, were charged to the defendant association by the Wachovia Bank and Trust Company, on 19 November, 1924; there was no evidence from which the jury could find that there was any relation between either of the items charged on the account of defendant association and the deposit credited on the account of S. O. Peebles; or that there was any relation between either the charge or the credit, and the check, which was drawn by W. C. Idol, as secretary of the defendant association, on 17 November, 1924, payable to S. O. Peebles. There was no error in the exclusion of the ledger sheet as evidence in this case.
Other assignments of error on this appeal based upon exceptions to the rulings of the court upon matters of evidence cannot be sustained. The use of the word "testimony," by the judge in his charge to the jury, instead of the word "evidence" in the instruction as the quantity of proof required of plaintiffs, was manifestly not prejudicial to the defendants. The judgment is affirmed. We find
No error.