ATLAS SUPPLY COMPANY, INC., v. F. L. McCURRY, EMMA J. McCURRY, S. G. BERNARD, TRUSTEE FOR PROVIDENT MUTUAL LIFE INSURANCE COMPANY OF PHILADELPHIA, AND G. D. CARTER, TRUSTEE OF THE BANK OF WEST ASHEVILLE.

(Filed 10 December, 1930.)

1. **Laborers' and Materialmen's Liens B a—Whether notice of claim of lien was filed within time held for jury upon conflicting evidence.**

Where the material furnisher for a building files his notice of claim, C. S., 2470, the lien against the building of the owner relates back to the time the delivery was completed, and action must be commenced within six months after the filing of the above notice (C. S., 2444, not applying), and in that event the lien is preserved from the furnishing of the material

and is superior to a deed of trust registered since that time, and where the evidence is conflicting the question is for the jury under proper instructions from the court.

**2. Evidence I b—Bill of lading produced by railroad clerk in charge of records held competent on question as to when goods were delivered.**

Where the question is for the jury as to the time a material furnisher in his action to enforce his lien has finally completed the delivery of the material to the building of the owner under construction and against which the lien has been filed, C. S., 2470, 2474, a clerk of a railroad company that had transported and delivered it at its destination and who had charge and control of the carrier's records relating to it, is competent on the trial to produce the bill of lading showing the time of its shipment, of the time of delivery at destination to a drayman for local delivery to the owner's premises, the probative force being for the jury to determine.

APPEAL by plaintiff from *MacRae, Special Judge,* and a jury, at June Term, 1930, of BUNCOMBE. No error.

This is a civil action brought by the plaintiff to enforce a lien against the lands of the defendants, F. L. McCurry and wife, Emma J. McCurry, in which the plaintiff seeks to recover the sum of $815.00 for goods sold and delivered, consisting of plumbing material furnished by the plaintiff to the defendants McCurry for a house which was built by them on a vacant lot in the city of Asheville, N. C.

The plaintiff filed a lien for material furnished, in the Superior Court of Buncombe County on 31 July, 1929, and commenced its action to enforce said lien on 7 November, 1929.

The issue and verdict were as follows: "Did the plaintiff file notice of lien upon the property of the defendants, F. L. McCurry and wife, within the time required by law? Answer: No."

The plaintiff assigned numerous errors and appealed to the Supreme Court.

*Joseph W. Little for plaintiff.*
*Bernard, Williams & Wright for defendant insurance company.*

PER CURIAM. The question involved: Did the plaintiff file notice of lien upon the property of the defendants, F. L. McCurry and wife, within the time required by law? We think not from the jury's finding.

C. S., 2433: "Every building built, rebuilt, repaired or improved, together with the necessary lots on which such building is situated, and every lot, farm or vessel, or any kind of property, real or personal, not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same, or material furnished."

C. S., 2470: "Notice of lien shall be filed as hereinbefore provided, except in those cases where a shorter time is prescribed, at any time within six months after the completion of the labor or the final furnishing of the materials, or the gathering of the crops."

The shorter time referred to is that set out in C. S., 2444, but does not affect this controversy.

C. S., 2474: "Action to enforce the lien created must be commenced in the court of a justice of the peace, and in the Superior Court, according to the jurisdiction thereof, within six months from the date of filing the notice of the lien. But if the debt is not due within six months, but becomes due within twelve months, suit may be brought or other proceedings instituted to enforce the lien in thirty days after it is due."

The matter has been recently fully discussed in *King v. Elliott,* 197 N. C., 93.

The only question in this controversy was to whether plaintiff had filed its lien against the property of F. L. McCurry and wife, Emma McCurry, within six months from the final furnishing of the material. Plaintiff contended that it had "filed a lien in the Superior Court of Buncombe County, recorded in Lien Book 9, page 65, on 31 July, 1929. The deed of trust to S. G. Bernard, trustee, was made on 27 March, 1929, and recorded 9 April, 1929. The deed of trust to G. D. Carter, trustee, was made and recorded after the Bernard deed of trust. In filing its lien, the plaintiff showed that the goods were furnished between the dates 18 January, 1929, and 31 January, 1929, so that its lien related back to the time the materials were furnished. And the lien, therefore, if valid, was superior to the liens created by the deeds of trust. The plaintiff instituted this action on 7 November, 1929, to enforce its lien."

The defendant contended: "Said materials were shipped by plaintiff to Sanitary Plumbing and Heating Company from Winston-Salem, N. C., 18 January, 1929, were unloaded at Asheville 21 January, 1929, delivered to Folson Transfer Company 23 January, 1929, and hauled and delivered upon the premises of McCurry and wife by said Folson Transfer Company 23 January and 24 January, 1929."

If the materials were furnished according to plaintiff's contention, between 18 January, 1929, and "final furnishing of the materials" on 31 January, 1929, it being a single order, as appears by the record, and the lien was filed on 31 July, 1929, then the lien was filed within the statutory period of six months, and related back and was prior to defendants' lien. *King v. Elliott, supra.* On the other hand, if the defendants' contention is correct that the material was unloaded at Asheville on 21 January, and delivered on the premises of McCurry and

26—199

wife, 23 and 24 January, 1929, then plaintiff had no lien under the statute. See *Gravel Co. v. Casualty Co.,* 191 N. C., 313.

The question as to the "final furnishing of the materials" to McCurry and wife was one of fact, which has been found against plaintiff. We have read the charge of the court below carefully and see no error in it. It was a simple case and the court fully complied with C. S., 564. *Davis v. Long,* 189 N. C., 129.

The clerk of the Southern Railway Company, who had charge and control of its records as to matters of this kind, produced the bill of lading showing when the material was shipped from Winston-Salem to Asheville, on 18 January, 1929, and the record of unloading in Asheville 21 January, 1929, and delivery to drayman 23 January, 1929. This evidence is competent, the probative force is for the jury. *R. R. v. Hegwood,* 198 N. C., 309.

In the judgment of the court below there is
No error.