W. H. EDGERTON, ADMINISTRATOR OF ESTATE OF N. S. PERKINS, v. K. D. PERKINS.

(Filed 22 April, 1931.)

**1. Evidence I b—Bank ledger sheet identified as original and made in ordinary course of business held admissible in evidence.**

In an action by the administrator of the deceased father against the son for the accounting by the latter of an advancement alleged to have been made, a bank ledger sheet identified as the original and testified by the cashier as to a relevant entry made in the ordinary course of business of the bank and produced from the bank files at the trial, is competent.

**2. Wills F c—Definition of advancement.**

An advancement by a father to his son is a gift *in præsenti* or provision made by the father on behalf of his son for the purpose of advancing him in life and enabling him to anticipate his inheritance to that extent.

**3. Appeal and Error E h—Supreme Court will interprete record in light of theory of trial in lower court.**

Where neither party makes objection to the issue submitted, the Supreme Court on appeal will interpret the record in the light of the theory prevailing in the trial court.

CIVIL ACTION, before *Johnson, Special Judge,* at August Term, 1930, of WAYNE.

The defendant is the son of N. S. Perkins, deceased, and the plaintiff, administrator of said deceased, instituted this action for an accounting, alleging that the defendant had received $10,000 proceeds of liberty bonds belonging to plaintiff's intestate, and that said proceeds constituted an advancement to the defendant from the estate of his father. The defendant filed an answer admitting that N. S. Perkins was the owner of liberty bonds, but denying that he was indebted to the estate of his father in any amount whatsoever.

The evidence tended to show that on 20 November, 1919, the defendant, K. D. Perkins, deposited with the cashier of the Wayne National Bank $10,000 worth of liberty loan bonds to be registered in the name of N. S. Perkins. In November, 1928, the bonds were sold and the proceeds credited in the bank to the account of defendant, K. D. Perkins. The proceeds of sale amounted to $8,625. The ledger sheet of the bank was produced and identified by the cashier and vice-president, and this document showed an entry of $8,625 to the account of defendant. There was other evidence tending to show that the defendant in an examination before the clerk disclosed that he had not repaid to his father any money after the time of the deposit.

The defendant did not testify in his own behalf, and the case was submitted to the jury upon the following issue:

"Did the plaintiff's intestate, N. S. Perkins, make the defendant an advancement in the sum of $8,625 as alleged in the complaint?"

The jury answered the issue "Yes."

Whereupon, judgment was entered upon the verdict decreeing that the defendant should account for said sum with interest thereon in determining the portion of his share of his father's estate.

From judgment so rendered the defendant appealed.

*Kenneth C. Royall, D. H. Bland, N. W. Outlaw and Andrew C. McIntosh for plaintiff.*

*J. Faison Thomson for defendant.*

BROGDEN, J. The exception to the introduction of the ledger sheet of the bank cannot be sustained. The document was identified as the original ledger leaf, and that it had been made in the ordinary course of business in the bank and was produced at the trial from the files of the bank by the cashier and vice-president thereof. *Peebles v. Idol,* 198 N. C., 56. "An advancement may be defined as a gift *in præsenti* or provision made by a parent on behalf of a child for the purpose of advancing said child in life, and thus to enable him to anticipate his inheritance to the extent of such advancement." *Paschal v. Paschal,* 197 N. C., 40; *Nobles v. Davenport,* 183 N. C., 207.

The charge to the jury correctly interpreted and applied the principles of law established by the decisions. Moreover, there was no objection to the issue, and thus both parties consented to the trial of the cause upon the theory of an advancement, and hence this Court will interpret the record in the light of the theory prevailing in the trial court. *Shipp v. Stage Lines,* 192 N. C., 475; *In re Will of Efird,* 195 N. C., 76.

No error.