STATE v. A. B. BREECE.

(Filed 28 February, 1934.)

**Criminal Law G s: Constitutional Law F a—Admission of testimony as to unidentified books and records held reversible error.**

In a prosecution for embezzlement, testimony of the prosecuting witness that he had examined account books in a foreign state and that the books showed that defendant was not entitled to the credits claimed, without identification of the books or the person making the entries thereon by the witness or the introduction of the books in evidence, or

evidence that the entries had been made in due course of business, *is held* incompetent and its admission constituted reversible error and was in violation of defendant's constitutional right to confront his accusers, which includes the right of cross-examination. Art. I, sec. 11.

CRIMINAL ACTION, before *Cranmer, J.,* at May Term, 1933, of WAKE.

The defendant was indicted for embezzlement in several bills of indictment which alleged that he had embezzled money amounting to approximately $1,100 from G. Sorenson, trading as Federal Adjustment Company, Spier and Company, Studebaker Watch Company and Spiegel May Stern and Company. The causes were consolidated for trial. The evidence tended to show that G. Sorenson, the prosecuting witness, using several trade names, had employed the defendant, a practicing attorney, to collect certain claims upon an agreement that the defendant should report all claims collected with authority to deduct 35 per cent of such collections for his services. The evidence further tended to show that the defendant had not accounted for all claims collected. The defendant admitted that he had received through Sorenson hundreds of claims for collection in various parts of the State; that he was required to do much traveling, and that he was authorized to retain traveling expenses from the proceeds of collections. The defendant testified that he had embezzled nothing, and that in fact the prosecuting witness or the firms he represented owed the defendant approximately $3,000.

The cause was submitted to a jury and a verdict of guilty returned. Thereupon the defendant was sentenced to serve a term of approximately five years in the State's prison. From judgment pronounced the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Jones & Brassfield and Dye & Clark for defendant.*

BROGDEN, J. The evidence for the State tended to show that approximately two thousand accounts had been sent to the defendant for collection. The defendant contended that he had made many remittances direct to the concerns forwarding claims for which no credit had been given. The State's witness Sorenson testified: "I have been back there and checked the books on him myself in Pittsburgh, Pennsylvania. I did not keep the books but checked the records. I don't know which ones of those have been paid direct and which have not been paid direct." The defendant in apt time objected to the testimony of the witness with respect to entries in the books in the State of Pennsylvania. The objection was overruled and the witness was permitted to testify

that such books showed that the defendant was entitled to only $31.03 as commissions on direct remittances.

The objection should have been sustained. The books of account referred to were in a foreign state. The witness did not make the entries in the books, nor were they made under his control or supervision. Indeed, the witness declared that he did not know which claims had been paid direct or which had not been paid direct. So that it appears that a witness undertook to testify concerning entries made in a book in the State of Pennsylvania by somebody not even identified by the witness or that the entries had even been made in the due course of business. The Constitution and laws of this State have always guaranteed to every person charged with a felony the right to be confronted in open court by his accusers in order that they may be subjected to cross-examination and the truth or falsity of the accusation probed and sifted in the presence of the trial jury. This salutary principle is fundamental. Thus, *Stacy, J.,* in *S. v. Hightower,* 187 N. C., 300 wrote: "In all criminal prosecutions the defendant is clothed with a constitutional right of confrontation, and this may not be taken away any more by denying him the right to cross-examine the State's witnesses than by refusing him the right to confront his accusers and witnesses with other testimony. Constitution, Art. I, sec. 11. "We take it that the word confront does not simply secure to the accused the privilege of examining witnesses in his behalf, but is an affirmance of the rule of the common law that in trials by jury the witness must be present before the jury and accused, so that he may be confronted; that is, put face to face. . . . And this, of course, includes the right of cross-examination." See, also, *King v. Bynum,* 137 N. C., 491, 49 S. E., 955; *R. R. v. Hegwood,* 198 N. C., 309, 151 S. E., 641; *Supply Co. v. McCurry,* 199 N. C., 799, 156 S. E., 91. The books referred to by the witness were neither identified nor offered in evidence. The practical effect of the testimony was to allow the witness to declare in substance: "The books in Pittsburgh say that the defendant is not entitled to any such credit as he contends."

The incompetency of such evidence is established by correct application of the principles announced in *Flowers v. Spears,* 190 N. C., 747, 130 S. E., 710, and *R. R. v. Hegwood, supra.*

There are many exceptions in the record, but as a new trial must be awarded for the error specified, it is deemed unnecessary to discuss them.

New trial.