IN THE MATTER OF: THE FORECLOSURE OF LAND COVERED BY THOSE CERTAIN DEEDS OF TRUST GIVEN BY: RONALD S. WEST AND MARGIE H. WEST

No. 829SC156

(Filed 18 January 1983)

Evidence § 29.2— computerized records—sufficient foundation for admission in evidence

The testimony of a local FHA employee who was familiar with respondents' FHA loan accounts and the methods by which the FHA finance office in St. Louis, Missouri obtains the loan account data to put on its computers provided a sufficient foundation for the admission of the computerized records of respondents' FHA loan accounts under the business records exception to the hearsay rule.

APPEAL by respondents from *Hobgood, Judge.* Order entered 3 November 1981 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 8 December 1982.

On 20 April 1979 the petitioner, Farmer's Home Administration (FHA) filed and served a notice of hearing regarding the right of foreclosure under several deeds of trust from respond-

---

ents, Ronald S. West and wife, Margie H. West on farmland located in Franklin County, N.C. The Franklin County Clerk of Court entered an order on 17 June 1980 finding that the respondents were in default and ordering that foreclosure be completed and a public sale be conducted on the subject premises. The respondents appealed from this order to the Superior Court.

The matter was heard before Judge Hobgood on 2 November 1981. Edith Shearin, secretary and office assistant in the Franklin County Farmers Home Administration office testified primarily from computerized records centrally maintained in a FHA office in St. Louis, Mo. Ms. Shearin testified, over objections by counsel for the respondents, that Ronald S. West and Margie H. West were in default and delinquent under the terms of their various loan accounts.

At the conclusion of the testimony and final arguments, Judge Hobgood made findings of fact and ordered the foreclosure to be completed. From the entry of this order, respondents appeal.

*East and Norman, by Thomas F. East and Larry E. Norman, for respondent appellants.*

*Samuel T. Currin, United States Attorney, by Lawrence B. Lee, Senior Attorney, Office of the General Counsel, U.S. Department of Agriculture, and Patricia L. Holland, Assistant United States Attorney, for petitioner appellee.*

JOHNSON, Judge.

The respondents present two related arguments on appeal: (1) the trial court erred in admitting the computerized records of the FHA and testimony of Edith H. Shearin into evidence without proper authentication and foundation; and (2) the trial court erred in ordering the completion of foreclosure upon the computerized records erroneously admitted into evidence.

The trial court found that a valid debt existed, that respondents were in default, that there was a right to foreclosure under the instruments and that proper notice had been given to all parties. The respondents do not contest the central fact that the account was in default under the terms of the notes and deeds of trust held by the petitioner. Rather, they take issue with the

introduction into evidence of Ms. Shearin's testimony that respondents were in default and the documents and computerized statements of account under the business records exception to the rule excluding hearsay evidence. We find no error in the admission of this evidence.

In the case of *State v. Springer*, 283 N.C. 627, 197 S.E. 2d 530 (1973) the Supreme Court set forth the requirements for authentication of business records stored in electronic computing equipment as a prerequisite for their admission into evidence.

> We therefore hold that printout cards or sheets of business records stored on electronic computing equipment are admissible in evidence, if otherwise relevant and material, if: (1) the computerized entries were made in the regular course of business, (2) at or near the time of the transaction involved, and (3) a proper foundation for such evidence is laid by testimony of a witness who is familiar with the computerized records and the methods under which they were made so as to satisfy the court that the methods, the sources of information, and the time of preparation render such evidence trustworthy.

*Id.* at 636, 197 S.E. 2d at 536.

The respondents cite *State v. Springer* and rely on that case in support of their contention that the proper foundation for Ms. Shearin's testimony was not provided because she did not testify that she was familiar with the computerized records and methods under which they were made. However, *Springer* is distinguishable in that the Supreme Court held that the testimony of a special investigator was inadmissible because the witness was testifying from computer records without attempting to offer the records themselves into evidence. Further, a proper foundation for his testimony had not been laid.

The record discloses that the computer records were properly authenticated and a proper foundation laid through the testimony of Ms. Shearin. Ms. Shearin testified to the effect that the computer center in St. Louis contained all the business records of the FHA and was the only source of such records. Thus, the first requirement set forth in *Springer*, that the computerized entries be made in the regular course of business was met.

The second requirement of the business records exception requires that computer entries be made at or near the time of the transactions involved. Ms. Shearin testified that the FHA in Franklin County provides information during the course of a loan to the finance office. In turn, the finance office puts that information into the computer terminals. In order to allow the county office to follow the course of the loan, the finance office prepares a transaction record which is sent back to the county office for inclusion in the borrower's file as a management systems card. An overall review of Ms. Shearin's testimony shows that information, payment or other data concerning the loan transaction is systematically forwarded by the Franklin County office to the St. Louis finance office without significant delay. Thus, the requirement that data be computerized at or near the time of the transaction involved is satisfied.

The requirement for laying a proper foundation is the third element of admissibility. A proper foundation must be laid by a witness who is familiar with the computerized records and the methods under which they were made. With regard to witness familiarity, the Court in *State v. Springer, supra,* stated:

"The impossibility of producing in court all the persons who observed, reported and recorded each individual transaction gave rise to the modification which permits the introduction of recorded entries, made in the regular course of business, at or near the time of the transaction involved, and authenticated by a witness who is familiar with them and the method under which they are made. *This rule applies to original entries made in books of account in regular course by those engaged in business, when properly identified, though the witness may not have made the entries* and may have no personal knowledge of the transactions." (Emphasis added.)

283 N.C. at 634, 197 S.E. 2d at 535, *quoting, Supply Co. v. Ice Cream Co.,* 232 N.C. 684, 61 S.E. 2d 895 (1950). Ms. Shearin has been an employee of the FHA in Franklin County for sixteen years. She identified the records as FHA loan transaction records. Further, Ms. Shearin is familiar with the respondents' loan accounts and testified about the method by which the finance office in St. Louis obtains the loan account data to put on their computer.

As to the records upon which her testimony is based, Ms. Shearin testified:

> This information that I have today is verified with the finance office in St. Louis, Missouri, by the computer terminal in the Finance Office on each loan account.

After stating that the finance center in St. Louis contains all the Farmers Home records in the United States, Ms. Shearin added:

> Farmers Home Administration of Franklin County provides information to the Finance Office in St. Louis, Missouri, to put on a computer and in turn they set up their computer records in Finance and provide us with a transaction record, which we have today with us in Mr. West's management system card. We have a transaction record for every loan account of Mr. West and this information is a summary of those transaction records as given me by the Finance Office in St. Louis, Missouri.

The testimony of Ms. Shearin demonstrated her knowledge both of the subject records and the method by which the data is gathered and the records made. A sufficient foundation was laid to establish the trustworthiness of the loan records. Respondents have not demonstrated that the records indicating their default under the terms of the loan were not trustworthy or that the computer records were otherwise unreliable on the issue of their default. The fact that Ms. Shearin did not personally enter the information furnished the finance office on their computer bank, nor update and compute the interest on a particular loan herself does not in any way diminish her ability to authenticate the records and testify to the default under the rule announced in *State v. Springer*, 283 N.C. at 634, 197 S.E. 2d at 535. The "business records" exception contemplates exactly the situation presented by this case—the "impossibility of producing in court all the persons who observed, reported and recorded each individual transaction." *Id.* Therefore, to lay a proper foundation for admission of centrally maintained computerized records, it is wholly unnecessary to produce in court the computer terminal operator who actually entered the data onto the computer terminal.

The trial court properly admitted the FHA computer records and testimony of Ms. Shearin into evidence and properly ordered foreclosure to proceed based upon the evidence received at trial.

State ex rel. Utilities Comm. v. Central Telephone Co.

Affirmed.

Judges ARNOLD and BRASWELL concur.