**No. 57404.**—American President Lines, Ltd. *v.* United States, protest 186463–K (New York).

JOHNSON, Judge: This action involves the duty assessed upon the cost of certain rice straw dunnage mats purchased in Singapore and placed aboard the SS. *President Polk* for use in the holds of the vessel to separate bales of rubber loaded aboard the vessel as cargo. The collector assessed duty thereon at the rate of 50 per centum ad valorem under the provisions of section 466 of the Tariff Act of 1930, providing in part as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:
"SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; * * *."

The plaintiff contends that dunnage in the form of mats is not within the scope of section 466 of the Tariff Act of 1930 and is, therefore, exempt from duty.

At the trial, it was established that the hold of the vessel was loaded with bales of rubber and that these mats were used to separate the bales and prevent them from sticking together. It was further established that when the bales of rubber were unladen the dunnage mats were unfit for further use and were cleaned out with the rest of the dirt and disposed of by trucking away to a garbage disposal for destruction.

Plaintiff contends that the mats in question are not termed equipment for the reason that they are incapable of being used and reused for dunnage and, as their first use reduced them to waste, they are to be regarded as consumable supplies.

In the case of *Pacific & Atlantic Steamship Co.* v. *United States*, 2 Cust. Ct. 761, Abstract 41649, this court held that straw mats used as dunnage for the separation

of sacks of sugar to protect it from becoming wet from moisture were properly dutiable under section 466, *supra*, as equipment of vessels.

Counsel for the plaintiff contends that the foregoing decision is not applicable herein for the reason that the mats in question were consumed in one use. In the case of *H. C. Gibbs* v. *United States*, 28 Cust. Ct. 318, C. D. 1430, this court held that lumber used in the construction of shifting boards and feeder boxes, required by the Board of Underwriters in Canada to be installed upon vessels in the service of transporting bulk grain, even though after the unlading of the grain in a foreign port the shifting boards and feeder boxes were dismantled into lumber and disposed of in a foreign port, constituted equipment of vessels and was properly assessed with duty by the collector. That case was appealed to the Court of Customs and Patent Appeals, suit 4750. In its decision, dated June 3, 1953, the appellate court stated:

In the case of *H. E. Warner, Trustee, American Mail Line, Ltd.* v. *United States*, 28 C. C. P. A. (Customs) 143, we said:

Generally the "term 'equipment' includes the necessary adjuncts of a service and imports the outfit needed or required to accomplish a special object or purpose." (citing *Cruger's (Inc.)* v. *United States*, 12 Ct. Cust. Appls. 516.)

In holding that crockery was equipment within the meaning of section 466 of the Tariff Act of 1930, the court, in the *Warner* case, cited with approval the decision in the *Southwestern* case, and quoted from a report of the Naval Board of Construction, as follows: ·

The term "outfit and equipment" is defined as including portable articles necessary or appropriate for the navigation, operation, or maintenance of a vessel, but not permanently incorporated in or permanently attached to its hull or propelling machinery, and not constituting consumable supplies * * *

The appellant argues that the grain linings in question are not equipment within the meaning of section 466, *supra*, but are consumable supplies, and appellant cites several state court decisions in support of this contention. It is further argued by the appellant that in the event that the grain linings are determined by this court to be part of the ship's equipment, that then the provisions of section 446 of the Tariff Act of 1930 (19 U. S. C. section 1446) are applicable, and the equipment, never having been landed in the United States, is not subject to duty. We are not persuaded by either of these contentions.

As to what constitutes consumable supplies, we stated in the *Warner* case, *supra* (page 150), (reaffirming the settled doctrine of this court) that "'sea stores,' as distinguished from 'ship's stores' or 'ship's equipment,' are 'consumable supplies.' However, * * * 'consumable supplies' or 'sea stores' are 'supplies for the consumption, sustenance, and medical needs of the crew and passengers during the voyage'". That the grain linings in question are not consumable supplies is thus amply demonstrated and readily apparent by a proper application of the foregoing ruling.

\*     \*     \*     \*     \*     \*     \*

In the instant case, the fact that the grain linings installed in Vancouver were never landed in the United States does not nullify or render inoperative the applicability of section 466.

In view of the decisions cited, we hold that the rice straw dunnage mats in question, even though incapable of further use, were properly assessed with duty at the rate of 50 per centum ad valorem under section 466, *supra*. Judgment will therefore be entered in favor of the Government.