(C. D. 1704)

AMERICAN MAIL LINE, LTD. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 19, 1955)

*Grosscup, Ambler, Stephan & Miller* (*Ben C. Grosscup* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: These are protests against the collector's assessment of duty on the cost of dunnage and other items of material and labor at the rate of 50 per centum ad valorem under section 466 of the Tariff Act of 1930 as the cost of equipments purchased or repairs made in a foreign country upon vessels documented under the laws of the United States to engage in the foreign or coasting trade. It is claimed that these items are not dutiable under said section, which reads as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be employed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; and if the owner or master of such vessel shall willfully and knowingly neglect or fail to report, make entry, and pay duties as herein required, such vessel, with her tackle, apparel, and furniture, shall be seized and forfeited. For the purposes of this section, compensation paid to members of the regular crew of such vessel in connection with the installation of any such equipments or any part thereof, or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or part thereof, or of such repairs."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

These cases have been submitted upon a stipulation limiting the claims to the following items:

Protest No. 180335–K, entry No. V–207:

| | | |
|---|---|---:|
| Item 3: | Labor loading dunnage | $47. 30 |
| Item 4: | Labor laying dunnage and paper | 74. 01 |

Protest No. 180336–K, entry No. V–216:

| | | |
|---|---|---:|
| Item 2: | Labor handling dunnage (less cost of dunnage) | 22. 55 |
| Item 3: | Rental jitney and driver | 19. 00 |
| Item 5: | Labor handling dunnage and paper | 107. 00 |

Protest No. 180337–K, entry No. V–219:

| | | |
|---|---|---:|
| Item 2: | Cost of labor handling paper and dunnage (less other charges) | 14. 71 |
| Item 3: | Shoring cargo all holds and TD's and building cat-walk fore and aft (less labor for constructing cat-walks) | 819. 60 |

Protest No. 180338–K, entry No. V–220:

| | | |
|---|---|---:|
| Item 1: | Shoring cargo in holds (less cost of materials) | 280. 09 |
| Item 3: | Labor laying dunnage and paper | 84. 67 |

Protest No. 180339–K, entry No. V–224:

| | | |
|---|---|---:|
| Item 1: | Laying dunnage and moving dunnage | 849. 68 |

Protest No. 180340–K, entry No. V–225:

| | | |
|---|---|---:|
| Item 3: | Labor cost handling dunnage and labor laying dunnage and paper in holds | 22. 48 |
| Item 4: | Sweeping and cleaning holds, laying dunnage (less cost of materials) | 473. 48 |

Protest No. 180341–K, entry No. V–226:

| | | |
|---|---|---:|
| Item 2: | Laying dunnage (less cost of materials) | 200. 00 |
| Item 4: | Labor costs laying paper | 15. 16 |

Protest No. 180342–K, entry No. V–243:

| | | |
|---|---|---:|
| Item 2: | Cost of labor laying paper and dunnage | 8. 91 |

Protest No. 180345–K, entry No. V–255:

| | | |
|---|---|---:|
| Item 2: | Labor costs laying paper | 31. 20 |

Protest No. 207689–K, entry No. V–22–D:

| | | |
|---|---|---:|
| Item 4: | Shoring cargo (less cost of material) | 166. 21 |

On the basis of the description of the work given in the stipulation, the items may be grouped as follows:

A. Labor charges for handling and laying dunnage and paper aboard ship preparatory to loading and stowing general (not bulk) cargo, or moving dunnage and paper from one part of a vessel to another preparatory to laying the same. Protest No. 180335–K (items 3 and 4); protest No. 180336–K (items 2 and 5); protest No. 180337–K (item 2); protest No. 180338–K (item 3); protest No.

180339–K (item 1); protest No. 180340–K (item 3); protest No. 180341–K (items 2 and 4); protest No. 180342–K (item 2); protest No. 180345–K (item 2).

B. The charge for rental of jitney and driver to move dunnage on the dock. Protest No. 180336–K (item 3).

C. Labor charges for shoring or securing and bracing general (not bulk) cargo. Protest No. 180337–K (item 3); protest No. 180338–K (item 1); protest No. 207689–K (item 4).

D. The charge for sweeping and cleaning the holds of a vessel and laying dunnage prior to the stowing of cargo. Protest No. 180340–K (item 4).

In connection with its claims that these items are not dutiable, plaintiff has quoted the two following rulings in its brief:

[Office circular No. 2173, issued by the collector at Seattle on July 1, 1952]:

The following quotation from a decision lately rendered by the Bureau of Customs is of interest to all ports and to Customhouse brokers.

The labor cost charged by stevedores in placing cocoa mats and similar items of dunnage which have either been purchased locally or supplied by the vessel is not dutiable under Section 466. However, the mere laying or placing of dunnage is distinguishable from the operation of building or erecting shifting boards or special devices for the carriage of cargo which are regarded as ships equipments. The burden is upon the operator to require invoices from stevedoring firms segregating the cost of labor to particular operations if it desires that no duty be assessed on the cost of labor involved in the mere laying or placing of dunnage.

[Bulletin of the collector at Portland, issued July 1, 1953]:

It appears that there may be a misunderstanding between this office and steamship companies as to the dutiable status of materials purchased and installed abroad in connection with the carriage of cargo.

It is the opinion of this office, based on court decisions and bureau rulings, that the cost of building or erecting of shifting boards and/or feeder boxes or other special devices, including labor and incidental materials, for the carriage of cargo is regarded as ship's equipment and dutiable under section 466, Tariff Act of 1930, whether same be described on the invoices or entries under any other description or term, such as "shoring", etc. Steamship companies and/or their agents will eliminate misunderstandings and doubts by obtaining invoices and preparing entries which leave no doubt as to the nature of the installation accomplished, in order that it may be clear whether such operation was that of laying dunnage or the erecting of special devices for carriage of cargo. If invoices do not describe the operation clearly, the master should be requested to clarify the various items in his statement filed with the entry.

Materials purchased abroad for use in stowage of cargo is held to be dutiable under Section 466, Tariff Act of 1930. However, labor costs in connection with the stowage by stevedores is not dutiable unless special devices are installed in connection therewith.

In its brief, the Government states that it is in agreement with the plaintiff as to the nondutiable status of some of the items, but claims that others do not come within the exceptions referred to in the rulings, particularly those which we have placed in group C, *supra*.

It is to be noted that the items before us involve charges for labor and not the cost of materials purchased. The collectors in the rulings quoted above found that labor charges for laying and placing dunnage or in connection with stowage were not dutiable unless special devices were installed, but that labor charges for shoring or for building or erecting shifting boards, feeder boxes, or other special devices were dutiable.

This distinction is in accord with the statute. The first sentence of section 3114 of the Revised Statutes, as amended by section 466 of the Tariff Act of 1930, provides for the assessment of duty on the equipments purchased for, the repair parts or materials used, and the expenses of repairs made on the vessel in a foreign country. The last sentence provides that compensation paid to members of the crew in connection with the installation of any such equipments or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or of such repairs. It has been noted that this statute is inartistically drawn (*United States* v. *Standard Oil Co. of California*, 27 C. C. P. A. (Customs) 334, C. A. D. 108), but it is evident that Congress intended that labor charges for the installation of equipment, unless paid to regular crew members, should be dutiable.

It has been held that shifting boards and feeder boxes are equipment within the meaning of section 466, *supra*, and that the cost of materials and labor necessary for their erection is dutiable. *R. P. Child* (*Pacific-Atlantic Steamship Co.*) v. *United States*, 18 Cust. Ct. 11, C. D. 1037; *H. C. Gibbs* v. *United States*, 41 C. C. P. A. (Customs) 57, C. A. D. 529. Dunnage mats have also been held dutiable as equipment (*Pacific & Atlantic Steamship Co.* v. *United States*, 2 Cust. Ct. 761, Abstract 41649; *American President Lines, Ltd.* v. *United States*, 30 Cust. Ct. 483, Abstract 57404), but, in our view, the placing of such articles aboard ship is not the *installation* of equipment. The term "install" means to set up or fix in position for use, such as a lighting system, a hot-water system, a furnace, fixtures for a restaurant, a sidewalk elevator. Webster's New International Dictionary (1953 edition); Funk & Wagnalls New Standard Dictionary (1942 edition); *King* v. *Elliott*, 197 N. C. 93, 147 S. E. 701; *Smith* v. *Kappas*, 218 N. C. 758, 12 S. E. 2d 693; *Metzler* v. *Thye*, 163 Cal. 95, 124 Pac. 721. Items, such as dunnage mats, which are not fixed in position or attached to the vessel are not "installed" within the meaning of that term. Therefore, the items herein for laying and handling dunnage (group A, *supra*) are not dutiable under section 466, *supra*. Nor are the items in groups B and D dutiable as equipment or the installation thereof.

That leaves the three items objected to by the Government. What was involved in shoring cargo or securing and bracing the same is not

entirely clear, but such work seems to be more in the nature of the installation of special devices than the laying of dunnage. The labor charges are, therefore, dutiable under section 466, *supra*.

For the reasons stated, the protests are sustained as to the items in groups A, B, and D, *supra*. As to all other items and in all other respects, the protests are overruled. Judgment will be rendered accordingly.