(C. D. 1735)

AMERICAN MAIL LINE, LTD. *v.* UNITED STATES

United States Customs Court, Third Division

○ (Decided November 9, 1955)

*Grosscup, Ambler, Stephan & Miller* (*Ben C. Grosscup* of counsel) for the plaintiff.

*Warren E. Burger*, Assistant Attorney General (*Richard E. FitzGibbon*, trial attorney), for the defendant.

Before EKWALL AND JOHNSON, Judges

JOHNSON, Judge: These are protests against the collector's assessment of duty on the cost of dunnage and other items of material and labor at the rate of 50 per centum ad valorem under section 466 of the Tariff Act of 1930 as the cost of equipments purchased or repairs made in a foreign country upon vessels documented under the laws of the United States to engage in the foreign or coasting trade. It is claimed that these items are not dutiable under said section, which reads as follows:

SEC. 466. EQUIPMENT AND REPAIRS OF VESSELS.

Sections 3114 and 3115 of the Revised Statutes, as amended by the Tariff Act of 1922, are amended to read as follows:

"SEC. 3114. The equipments, or any part thereof, including boats, purchased for, or the repair parts or materials to be used, or the expenses of repairs made in a foreign country upon a vessel documented under the laws of the United States to engage in the foreign or coasting trade, or a vessel intended to be em-

ployed in such trade, shall, on the first arrival of such vessel in any port of the United States, be liable to entry and the payment of an ad valorem duty of 50 per centum on the cost thereof in such foreign country; and if the owner or master of such vessel shall willfully and knowingly neglect or fail to report, make entry, and pay duties as herein required, such vessel, with her tackle, apparel, and furniture, shall be seized and forfeited. For the purposes of this section, compensation paid to members of the regular crew of such vessel in connection with the installation of any such equipments or any part thereof, or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or part thereof, or of such repairs."

\*        \*        \*        \*        \*        \*        \*

The items involved herein were the subject of our decision in *American Mail Line, Ltd.* v. *United States*, 34 Cust. Ct. 197, C. D. 1704, and the case is before us at this time, pursuant to our order setting aside the judgment, entered May 19, 1955, and granting the plaintiff time in which to file a reply brief. *American Mail Line, Ltd.* v. *United States*, 35 Cust. Ct. 218, Abstract 59226.

This case was submitted upon a stipulation limiting the claims to the items enumerated in schedule A, attached hereto and made a part hereof. When it was before us originally, we held that some of those items were not dutiable under section 466, *supra*, on the ground that they did not cover ship's equipment or the installation thereof. Those items involved labor charges for handling and laying dunnage and paper aboard ship preparatory to loading and stowing general (not bulk) cargo, for moving dunnage and paper from one part of a vessel to another preparatory to laying the same, for sweeping and cleaning the holds of a vessel, and for the rental of a jitney and driver to move dunnage on the dock.

In our decision, we noted that the collectors at the ports of Seattle and Portland had issued rulings to the effect that labor charges for laying and placing dunnage or in connection with stowage were not dutiable, unless special devices were installed, but that labor charges for building or erecting shifting boards, feeder boxes, or other special devices were dutiable.

We found that this distinction was in accord with the statute, stating:

\* \* \* The first sentence of section 3114 of the Revised Statutes, as amended by section 466 of the Tariff Act of 1930, provides for the assessment of duty on the equipments purchased for, the repair parts or materials used, and the expenses of repairs made on the vessel in a foreign country. The last sentence provides that compensation paid to members of the crew in connection with the installation of any such equipments or the making of repairs, in a foreign country, shall not be included in the cost of such equipment or of such repairs. It has been noted that this statute is inartistically drawn (*United States* v. *Standard Oil Co. of California*, 27 C. C. P. A. (Customs) 334, C. A. D. 108), but it is evident that Congress intended that labor charges for the installation of equipment, unless paid to regular crew members, should be dutiable.

It has been held that shifting boards and feeder boxes are equipment within the meaning of section 466, *supra*, and that the cost of materials and labor necessary for their erection is dutiable. *R. P. Child (Pacific-Atlantic Steamship* Co.) v. *United States*, 18 Cust. Ct. 11, C. D. 1037; *H. C. Gibbs* v. *United States*, 41 C. C. P. A. (Customs) 57, C. A. D. 529. Dunnage mats have also been held dutiable as equipment (*Pacific & Atlantic Steamship Co.* v. *United States*, 2 Cust. Ct. 761, Abstract 41649; *American President Lines, Ltd.* v. *United States*, 30 Cust. Ct. 483, Abstract 57404), but, in our view, the placing of such articles aboard ship is not the *installation* of equipment. The term "install" means to set up or fix in position for use, such as a lighting system, a hot-water system, a furnace, fixtures for a restaurant, a sidewalk elevator. Webster's New International Dictionary (1953 edition); Funk & Wagnalls New Standard Dictionary (1942 edition); *King* v. *Elliott*, 197 N. C. 93, 147 S. E. 701; *Smith* v. *Kappas*, 218 N. C. 758, 12 S. E. 2d 693; *Metzler* v. *Thye*, 163 Cal. 95, 124 Pac. 721. Items, such as dunnage mats, which are not fixed in position or attached to the vessel are not "installed" within the meaning of that term. Therefore, the items herein for laying and handling dunnage * * * are not dutiable under section 466, *supra*. * * *

We held, however, that items for securing and bracing cargo were dutiable, on the ground that it was not clear what those items covered and that the work seemed more in the nature of the installation of special devices than the laying of dunnage.

In view of plaintiff's reply brief, which was not before us previously, we have given further consideration to the last-mentioned items. According to the stipulation, they cover "shoring cargo," or, more particularly, "labor furnished by stevedore aboard ship for securing and bracing general (not bulk) cargo" [protest No. 180337–K]; "the amount charged by the contract stevedore for securing and bracing general (not bulk) cargo aboard ship" [protest No. 180338–K]; and "the charge made by the contract stevedore for bracing and securing separate lots of general (not bulk) cargo aboard ship in order to assure its safe carriage" [protest No. 207689–K].

It was also stipulated that no wheat liners or similar cargo-containing facilities were installed in the vessels during the loading of cargo or for the receipt of cargo and that the term "General Cargo" referred to cargo delivered to the vessel in boxes, crates, bags, packages, or pieces, and not in bulk or mass, so as to require the building or erection of a facility to contain the same.

Plaintiff claims that none of these items covered the installation of a special device, facility, or equipment, and that the words "general (not bulk) cargo" were used in the stipulation to describe the type of cargo, in order to eliminate the contention that any such installation was involved.

The Government states in its brief that the three items did not cover the mere laying of dunnage but were "for actual labor in building repair parts of the vessel such as a cat-walk and the bracing and securing of cargo." While one of the items in protest No. 180337–K

includes the cost of constructing cat-walks, such cost has been deleted from the protested items by the stipulation.

The issue, then, is whether labor charges for securing and bracing general (not bulk) cargo are dutiable under section 466, *supra.*

In support of its position, plaintiff has referred to authorities on the stowage of cargo, on the basis of which it contends that the term "shoring" describes that part of the stowage operation, which is performed after loading, to protect general cargo from chafing, breaking, crushing, and shifting, including the staking, chocking, blocking, and filling of spaces to insure safe stowage. It is also claimed that shoring materials are covered by the term "dunnage" and are expendable, whereas feeder boxes, shifting boards, and the like are reusable facilities.

It is not necessary for us to determine the meaning of the term "shoring," since it has been stipulated that the operation here involved was the bracing and securing of general (not bulk) cargo.

This description does not convey any very clear idea of what was actually done to brace and secure the particular cargo or cargoes involved herein. Although the authorities cited by plaintiff indicate that cargo must be stowed so that it will not shift, chafe, or crush, and that to avoid such action it must be propped, blocked, or braced in some manner, there is nothing in the record before us to show how this was done in the present case. Since the collector assessed the items with duty as labor charges for the *installation of equipment*, it is presumed that he found the existence of the facts necessary to sustain that position. *United States* v. *Zoltan Erdosi*, 40 C. C. P. A. (Customs) 137, C. A. D. 509. The plaintiff is required to prove not only that the collector's action was erroneous, but that its own contention is correct. *United States* v. *Ameris Trading Co.*, 41 C. C. P. A. (Customs) 151, C. A. D. 542. If it chooses to rest its case upon an incomplete stipulation of the essential facts, as was done here, it must accept the risks attendant upon that procedure. *Dorward & Sons Co. Pacific Vegetable Oil Corp.* v. *United States*, 40 C. C. P. A. (Customs) 159, C. A. D. 512. It may be that the work involved in bracing and securing the cargo herein did not comprehend the installation of any equipment; if so, evidence of a clearer, more complete, and more convincing nature could have been introduced to establish that fact. On the record as presented, we find that, as to the items covering labor charges for bracing and securing general cargo, plaintiff has failed to overcome the presumption of correctness attaching to the collector's classification and has failed to establish that such items are not dutiable under section 466, *supra.*

For the reasons stated, the protests are sustained as to the items involving labor charges for handling and laying dunnage and paper

aboard ship preparatory to loading and stowing general cargo, for moving dunnage and paper from one part of a vessel to another preparatory to laying the same, for sweeping and cleaning the holds of a vessel, and for the rental of a jitney and driver to move dunnage on the dock. As to all other items and in all other respects, the protests are overruled. Judgment will be rendered accordingly.

SCHEDULE A

Protest No. 180335–K, entry No. V–207:
Item 3: Labor loading dunnage_____ $47. 30
Item 4: Labor laying dunnage and paper_____ 74. 01

Protest No. 180336–K, entry No. V–216:
Item 2: Labor handling dunnage (less cost of dunnage)_____ 22. 55
Item 3: Rental jitney and driver_____ 19. 00
Item 5: Labor handling dunnage and paper_____ 107. 00

Protest No. 180337–K, entry No. V–219:
Item 2: Cost of labor handling paper and dunnage (less other charges)_____ 14. 71
Item 3: Shoring cargo all holds (less charge for constructing cat-walks)_____ 819. 60

Protest No. 180338–K, entry No. V–220:
Item 1: Shoring cargo (less other charges)_____ 280. 09
Item 3: Labor laying dunnage and paper_____ 84. 67

Protest No. 180339–K, entry No. V–224:
Item 1: Laying dunnage and moving dunnage_____ 849. 68

Protest No. 180340–K, entry No. V–225:
Item 3: Labor cost handling dunnage and labor laying dunnage and paper in holds_____ 22. 48
Item 4: Sweeping and cleaning holds, laying dunnage (less cost of materials)_____ 473. 48

Protest No. 180341–K, entry No. V–226:
Item 2: Laying dunnage (less cost of materials)_____ 200. 00
Item 4: Labor costs laying paper_____ 15. 16

Protest No. 180342–K, entry No. V–243:
Item 2: Cost of labor laying paper and dunnage_____ 8. 91

Protest No. 180345–K, entry No. V–255:
Item 2: Labor costs laying paper_____ 31. 20

Protest No. 207689–K, entry No. V–22–D:
Item 4: Shoring cargo (less cost of materials)_____ 166. 21